Lee HAYDEN, Etc., et al.,

v.

**BLUE CROSS AND BLUE SHIELD OF ALABAMA.**

No. 92–A–1386–N.

United States District Court,
M.D. Alabama,
Northern Division.

June 7, 1994.

Russell L. Irby, Eufaula, AL, Andrew P. Campbell, Eddie Leitman, Kerry Phillip Luke, Lynne Stephens O'Neal, Leitman, Siegal, Payne & Campbell, Birmingham, AL, for Lee Hayden, Mary Long, Neil Buettner.

Charles M. Crook, Balch & Bingham, Montgomery, AL, Cavender C. Kimble, Balch & Bingham, Birmingham, AL, for Blue Cross and Blue Shield of Alabama.

*MEMORANDUM OPINION AND ORDER*

ALBRITTON, District Judge.

## I. Introduction

This cause is now before the court on the motions to dismiss filed by Defendant, Blue Cross and Blue Shield of Alabama ("Blue Cross"), on June 29, 1993 and August 6, 1993. Fed.R.Civ.P. 12(b)(1) & (6).

Plaintiffs originally filed this suit in the Circuit Court of Barbour County, Alabama, in October 1992. On November 5, 1992, Blue Cross removed the case to this court on the ground that the Plaintiffs' claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). 28 U.S.C. § 1441.

For the reasons stated below, the court finds that Blue Cross' motions to dismiss are due to be granted in part and denied in part.

## II. Facts

Plaintiffs are properly licensed Certified Registered Nurse Anesthetists ("CRNAs") who perform anesthesia services. They performed anesthesia services for individuals covered under contracts or plans of health insurance or agreements for health care services with Blue Cross.

In 1989, the Alabama legislature enacted a statute providing for direct payment to CRNA's under certain circumstances. Ala. Code § 27–46–1 (1975 & Supp.1993).[1] Subsequently, Plaintiffs sought direct reimbursement for the services provided to Blue Cross's customers to date, approximately $250,000, without success. Blue Cross refused to make payments to the CRNAs because it claimed that under Ala.Code §§ 10–4–115 and 27–4–1[2] it was exempt from § 27–

---

1. Ala.Code § 27–46–1 provides as follows:
   Notwithstanding any other provision of law, when any contract or plan of health insurance, or any plan or agreement for health care services provides for the reimbursement or payment for services which are within the scope of practice of registered nurses who have passed or who are qualified to take the national certification examination for the specialty practice of nurse anesthetist as recognized by the Alabama board of nursing, then the insured, or any other person covered by the policy, plan, contract or certificate shall be entitled to reimbursement or payment for such services performed by the certified registered nurse anesthetist, and said certified registered nurse anesthetist shall be entitled to direct reimbursement by the insurer, unless the certified registered nurse anesthetist is employed by contract with a group practice of anesthesiologist or a hospital, then such services shall be reimbursed through the employer.

2. Section 10–4–115 states:
   No statute of this state applying to insurance companies shall be applicable to any corporation organized under the provisions of this article and amendments thereto or to any contract made by such corporation unless expressly mentioned in this article and made applicable; except, that the provisions regarding annual premium tax to be paid by domestic insurance companies, pursuant to section 27–4–5, shall be applicable.

46–1.[3]

In October 1992, Plaintiffs filed this action in the Circuit Court of Barbour County, Alabama. They alleged that Blue Cross had failed to directly pay CRNAs in violation of § 27–46–1. They sought damages, a declaratory judgment that Blue Cross is subject to §§ 27–46–1 through 27–46–3 [4], and injunctive relief. Blue Cross timely removed the action to this court on November 5, 1992.[5]

In a Memorandum Opinion dated January 29, 1993, the court held that Plaintiffs' state law claims against the welfare benefit plans in question were preempted by ERISA and denied their motion to remand. *Hayden v. Blue Cross and Blue Shield of Alabama*, No. 92–A–1386–N, mem. op. at 7–8 (M.D.Ala. January 29, 1993) (Albritton, J.).[6]

In an Order dated May 6, 1993, the court certified this case as a class action pursuant to Fed.R.Civ.P. 23(a) & (b)(2) on behalf of the following described class of plaintiffs/counter-defendants:

> All [CRNAs] who have practiced or will in the future practice anesthesia in the State of Alabama who have submitted subsequent to the effective date of *Alabama Code* Section 27–46–1, or will be able to in the future to submit, claims for services to patients who receive health benefits through health benefits plans issued or administered by Blue Cross and Blue Shield of Alabama,

with respect to the following claims only:

(a) All claims seeking a declaration whether Blue Cross and Blue Shield of Alabama is subject to *Alabama Code* Section 27–46–1;

(b) All claims seeking a declaration whether *Alabama Code* Section 27–46–1 is preempted by ERISA, 29 U.S.C. § 1144(a);

(c) All claims seeking a declaration whether coverage for independently-billed CRNA services is provided under Major Medical or Hospital Services coverage by health benefit plans issued or administered by Blue Cross and Blue Shield of Alabama where the plans do not specifically state that independently billed CRNA services are covered.

On June 18 and July 26, 1993, Plaintiffs amended their complaint to include claims under ERISA. Subsequently, both Plaintiffs and Blue Cross filed cross-motions for partial summary judgment. In a Memorandum Opinion and attached Judgment dated February 7, 1994, the court granted Blue Cross' motion, denied Plaintiffs' motion, and held that § 27–46–1 is preempted by ERISA as to employee welfare benefit plans governed by ERISA and that under Alabama law Blue Cross is not subject to § 27–46–1 as to non–ERISA plans. *Hayden v. Blue Cross and Blue Shield of Alabama*, 843 F.Supp. 1427, 1440 (M.D.Ala.1994) (Albritton, J.).

Presently, Counts 3 through 6 of the complaint remain before the court.

### III. Standard of Review

In considering a Rule 12(b)(6) motion based on failure to state a claim, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hishon v. King & Spalding*, 467

---

Section 27–1–4(2) states:
This Title shall not apply to:

. . . . .

Nonprofit corporations for establishment of hospitalization plan under section 10–4–100 et seq., except to the extent now or hereafter provided in such laws.

**3.** Blue Cross is a nonstock corporation organized not for profit for the purpose of establishing, maintaining and operating a health care service plan. Ala.Code § 10–4–100; *Lee v. Blue Cross/ Blue Shield of Alabama*, 10 F.3d 1547, 1551 (11th Cir.1994) (citations omitted); *Blue Cross & Blue Shield v. Protective Life Ins. Co.*, 527 So.2d 125, 126 (Ala.Civ.App.1987).

**4.** Section 27–46–2 states that hospitals are free to regulate the qualifications required and activities of its CRNAs and § 27–46–3 merely defines CRNA.

**5.** Blue Cross filed a counterclaim on December 14, 1992, seeking a declaration that ERISA preempts this action and a declaration of its rights regarding the coverage of CRNA services pursuant to § 27–46–1 under both ERISA and non–ERISA governed contracts.

**6.** "Welfare plans" include plans providing "benefits in the event of sickness, accident [or] disability." 29 U.S.C. § 1002(1).

U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."); *see also Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990).

■ A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction. It can take either of two forms. "Facial attacks" on the complaint require the court to assess whether the plaintiff has alleged a sufficient basis of subject matter jurisdiction. *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990) (*citing Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980)). The allegations in the complaint are taken as true for purposes of the motion. *Id.*

■ "Factual attacks," on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleading, and matters outside the pleading, such as testimony and affidavits, are considered. *Lawrence,* 919 F.2d at 1529 (citation omitted). The court may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir.1991) (citations omitted).

## IV. Discussion

Blue Cross' motion to dismiss filed on June 29, 1993 relates to Count 3 of the complaint. The August 6, 1993 motion relates to Counts 4, 5, and 6. On February 28, 1994, Plaintiffs filed a third amended complaint which amended and restated Count 3. On May 14, 1994, Blue Cross filed an Answer to Count 3.

Accordingly, the court finds that Blue Cross' motion to dismiss original Count 3 is due to be denied as moot.

■ Under Count 4 of the complaint, Plaintiffs allege that "[b]y virtue of ... § 27–46–1 ..., [they] are beneficiaries, participants or assignees of beneficiaries or participants under some plans and contracts which are subject to [ERISA]." Under Count 5, Plaintiffs maintain that "[b]y virtue of the use of the [anesthesia] services ... by plan participants, Plaintiffs ... have been designated beneficiaries entitled to payment or benefits under the terms of the plans." Finally, under Count 6, Plaintiffs allege "[b]y virtue of the provision of these services to participants and beneficiaries under the terms of these plans, [they] have been impliedly assigned the health care benefits due under the terms of the plans."

The court interprets Counts 5 and 6 to derive from the allegation in Count 4 that § 27–46–1 makes them "beneficiaries, participants or assignees of beneficiaries or participants under some plans." Specifically, the court concludes that Plaintiffs in Counts 5 and 6 are arguing that because of the enactment of § 27–46–1, when a patient with an ERISA plan uses anesthesia services, the CRNA becomes a beneficiary, participant or assignee of the patient-beneficiary or patient-participant under the ERISA plan.

The court finds Plaintiffs' argument to be meritless.[7] The court has previously held that § 27–46–1 is preempted by ERISA. *Hayden,* 843 F.Supp. at 1436. This holding precludes Plaintiffs from contending that the statute gives them rights under ERISA.[8] Plaintiffs concede this point by noting that "[b]y its Order of February 7, 1994, this Court held that the direct reimbursement statute does not apply to Blue Cross. By so

---

7. The argument, exclusive of § 27–46–1, that by a patient's mere use of anesthesia services Plaintiffs are "designated" beneficiaries or "impliedly assigned" benefits under the patient's ERISA plan is also flawed. Under Alabama law, in order for an assignment to be valid there must be express language. *See Erika, Inc. v. Blue Cross & Blue Shield of Alabama,* 496 F.Supp. 786, 789 (N.D.Ala.1980).

8. Moreover, § 27–46–1 cannot change the statutory definition of "participant" and "beneficiary" under ERISA. The amendment of federal legislation by the States is inconsistent with the Supremacy Clause of the Constitution. *See Cipollone v. Liggett Group, Inc.,* —— U.S. ——, ——, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992) (citations omitted); *Gade v. National Solid Wastes Management Ass'n,* —— U.S. ——, ——, 112 S.Ct. 2374, 2388, 120 L.Ed.2d 73 (1992) (citations omitted).

finding, this Court has implicitly held that there can be no standing pursuant to the direct reimbursement [statute]."

In opposition to the court's holding Plaintiffs cite their briefs submitted on the cross-motions for partial summary judgment. The court interprets this argument to constitute a motion for reconsideration and finds that it is not well taken.

Accordingly, the court finds that Blue Cross' motion to dismiss Counts 4, 5, and 6 of the complaint is due to be granted.

## CONCLUSION

For the foregoing reasons, the court finds that Blue Cross' motion to dismiss are due to be and are hereby GRANTED in part and DENIED in part to the extent that:

(1) Blue Cross' motion to dismiss Count 3 of the complaint is DENIED as moot; and

(2) Blue Cross' motion to dismiss Counts 4, 5, and 6 of the complaint is GRANTED.

## *ORDER*

This cause is now before the court on the motion for reconsideration and modification of opinion filed by Defendant, Blue Cross and Blue Shield of Alabama ("Blue Cross") on May 31, 1994. In sum, Blue Cross contends that Plaintiffs' third amended complaint, which amended and restated Count 3, mooted its motion to dismiss as to original Count 3. The court agrees.

The court finds that Blue Cross' motion for reconsideration and modification of opinion is due to be and is hereby GRANTED. Accordingly, the court's previous Memorandum Opinion and Order dated May 16, 1994 is VACATED and the [June 7, 1994] Memorandum Opinion and Order is SUBSTITUTED.