Jonathan H. GILMORE, etc., et al., Plaintiffs,

v.

Hamp DAY, President, Debra E. Baxley, Vice–President, Jimmy Davis, Secretary, Ronnie Jackson, John A. Clark, Danny B. McNeil, Kip Justice, Nolan L. Laird, and Susan Grace, all Trustees of Wiregrass Electric Cooperative, in their own individual capacity, and in their representative capacity as Trustees of Wiregrass Electric Cooperative, Defendants.

No. 00–A–1277–S.

United States District Court, M.D. Alabama, Southern Division.

Dec. 7, 2000.

Deborah Smith Seagle, Smith & Seagle, Dothan, AL, for Jonathan H. Gilmore, on his own behalf, and on behalf of the rural members of Wiregrass Electric Cooperative, and on the behalf of all the members of Wiregrass Electric Cooperative, plaintiff.

Edward M. Price, Jr., Farmer, Price, Hornsby & Weatherford, Dothan, AL, for Hamp Day, Debra E. Baxley, Jimmy Davis, Ronnie Jackson, John A. Clark, Danny B. McNeil, Kip Justice, Nolan L. Laird, Susan Grace, defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Dismiss (doc. # 12) for want of subject matter jurisdiction and for failure to state a claim upon which relief can be granted filed by Defendants Hamp Day, Debra Baxley, Jimmy Davis, Ronnie Jackson, John Clark, Danny McNeil, Kip Justice, Nolan Laird, and Susan Grace (collectively, "Defendants"), a Motion to Clarify (doc. # 15) filed by Jonathan H. Gilmore, a Motion for Leave of Court to Take the Deposition of Jonathan H. Gilmore (doc. # 16) filed by Defendants, a Motion for Rule 11 Sanctions (doc. # 17) filed by Defendants, and a Motion for Oral Hearing (doc. # 18) filed by Defendants. All motions are now under submission.

For the reasons stated below, the Defendants' Motion to Dismiss is due to be GRANTED, and Defendants' Motion for Rule 11 Sanctions is due to be DENIED. All other pending motions are due to be DENIED as moot.

### II. STANDARDS OF REVIEW

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990); *Hayden v. Blue Cross & Blue Shield of Alabama,* 855 F.Supp. 344, 347 (M.D.Ala. 1994). A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings. *Lawrence,* 919 F.2d at 1529. Under a factual attack, the court may hear conflicting evidence and decide

the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir.1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942).

 A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986) (citation omitted) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). In deciding a motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *Hishon*, 467 U.S. at 73, 104 S.Ct. 2229. This standard imposes an "exceedingly low" threshold on the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir.1985).

### III. *ALLEGATIONS OF FACT*

Jonathan H. Gilmore, the named Plaintiff in this purported Rule 23 class action, claims that the Defendants, present and former trustees of the Wiregrass Electric Cooperative ("WEC"), have discriminated against the constituent members of WEC in various ways and have wasted WEC's assets. In particular, Count I of the Complaint alleges discriminatory rate setting

by the Defendants.[1] This count is brought only on behalf of the rural members of WEC. Counts II and III of the Complaint, on the other hand, seek relief from the Defendants on behalf of all members of WEC. Count II alleges further discriminatory practices of the board impacting both rural and urban WEC members.[2] Finally, Count III alleges that Defendants are wasting WEC's assets on "meaningless ... public relations advertising." Complaint at 5. Plaintiffs contend that the Rural Electrification Act, 7 U.S.C. § 901 *et seq.*, ("RE Act"), supplies this court with federal question jurisdiction over the aforementioned claims.

### IV. *DISCUSSION*

Defendants raise three basic arguments in support of their Motion to Dismiss. First, Defendants argue that this court lacks subject matter jurisdiction over Plaintiffs' Complaint because the RE Act does not provide a private right of action against trustees of a cooperative. Second, Defendants argue that the present suit is of a derivative nature, and that the Plaintiffs have failed to comply with the procedural requirements of Federal Rule of Civil Procedure 23.1. Finally, Defendants urge this court to dismiss the Plaintiffs' Complaint in light of Alabama's "business judgment rule." This court will address the issue of subject matter jurisdiction.

#### A. *Subject Matter Jurisdiction*

Federal district courts have federal question jurisdiction over civil actions "arising under" the Constitution or laws of the United States. *City of Huntsville v. City of Madison*, 24 F.3d 169, 171 (11th Cir.1994); *see also* 28 U.S.C. § 1331.

> Federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution, ... or a federal cause of action estab-

---

1. The alleged discrimination is said to involve rate structures adopted by the Defendants which disadvantage rural members of WEC.

2. Specifically, Count II suggests that Defendants are selectively exempting certain members from service fees required of other members.

lished by a Congressionally-created expressed or implied private remedy for violations of a federal statute ... In limited circumstances, federal question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action.

*City of Huntsville,* 24 F.3d at 171–72 (citations omitted).

■ In the instant case, Plaintiffs assert a cause of action created by federal statute. Specifically, Plaintiffs claim that the RE Act gives rise to a private cause of action that permits Plaintiffs to bring forward their various grievances against the trustees of WEC in federal district court. Plaintiffs, however, cite no specific provision of the RE Act for this proposition. Indeed, the RE Act does not create an express private remedy for individuals such as the Plaintiffs. Consequently, for this court to have federal question jurisdiction over Plaintiffs' claims, a private remedy permitting Plaintiffs to sue under the RE Act must be implied.

■ "Possessing no legislative or policymaking authority, a federal court can recognize a cause of action only if it has been created by statute." *U.S. v. Capeletti Brothers, Inc.,* 621 F.2d 1309, 1312 (5th Cir.1980).[3] If a court is to infer a private right of action from a federal statute, it must find that Congress intended to create a private right. *Id.* In fact, congressional intent is the dispositive inquiry. *Baggett v. First Nat'l Bank of Gainesville,* 117 F.3d 1342, 1345 (11th Cir.1997). "In order for us to infer a private right of action, or federal jurisdiction, we must have before us clear evidence that Congress intended to provide such a remedy ..." *Local Div. 732, Amalgamated Transit Union v. Metropolitan Atlanta Rapid Transit Auth.,* 667 F.2d 1327, 1335 (11th Cir.1982). In

attempting to divine legislative intent, this court looks first to the language and structure of the RE Act.

After surveying the RE Act, this court concludes that "the essential predicate for implication of a private remedy plainly does not exist" under the circumstances of this case. *Thompson v. Thompson,* 484 U.S. 174, 179, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988). Congress enacted the RE Act in 1936 to empower the Rural Electrical Administration ("REA"), now the Rural Utilities Service ("RUS"),[4] to "provide rural America with low cost electricity and telephone service by lending funds to rural electric and telephone systems directly at below market interest rates." *Rural Utilities Serv. v. Cajun Elec. Power Co-op., Inc.,* 109 F.3d 248, 252 (5th Cir.1997). Pursuant to the relevant provisions of the RE Act, RUS makes, insures, and guarantees low-cost loans to rural electric cooperatives. *See* 7 C.F.R. § 1700.1(c).

Nothing in the RE Act or the Code of Federal Regulations suggests that members of cooperatives have a federal remedy against cooperative trustees for discriminatory rate structures, selective billing, or for wasteful advertising. Indeed, the entire statutory scheme focuses on RUS's role as a lending agency. *See Cajun Elec.,* 109 F.3d at 255 (noting that the REA (now RUS) is a lending agency rather than a public utility regulatory body). The purpose of the RE Act, providing affordable electricity to rural communities, is advanced by RUS's position as a distributor and guarantor of low-interest loans to local cooperatives. Providing these affordable funds is clearly how the statutory structure of the RE Act contemplates achieving this policy objective. The RE Act cannot be read to permit suits like the one proposed by the Plaintiffs in order to reach

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

**4.** The REA was at one time an independent federal agency. Today, the RUS is under the supervision and direction of the Secretary of Agriculture. *See* 5 U.S.C. § 903.

the objective of more affordable rural electricity. No evidence or law has been presented to this court suggesting that the Congress ever intended suits by cooperative members against cooperative trustees to be available under the RE Act. Given that congressional intent is the ultimate issue in inferring a private cause of action, this court finds that the RE Act does not provide Plaintiffs with a cause of action in this case, and therefore, this court concludes that it lacks subject matter jurisdiction.[5]

### B. *Motion for Rule 11 Sanctions*

■■■ The court has also carefully considered Defendants' Motion for Rule 11 Sanctions against Jonathan H. Gilmore ("Gilmore"). Defendants contend that Gilmore filed this lawsuit for the improper purpose of furthering his own political agenda.[6] Furthermore, Defendants argue that Gilmore's claims on behalf of the putative class are not warranted by existing law. In response, Gilmore has submitted an affidavit denying that the present suit was politically motivated. Gilmore Aff. at 3. Gilmore also argues that his claims are non-frivolous arguments in support of an extension or modification of existing law. Gilmore's counsel insists that this is a case of first impression.

> Rule 11 provides in relevant part:
> Every pleading, written motion, and other paper ... [filed with the court] shall be signed by at least one attorney of record ... By presenting to the court ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... it is not being presented for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; ... the claims, defenses and other legal

contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law ...

Fed.R.Civ.P 11.

■■■ The objective standard for testing conduct under Rule 11 is "reasonableness under the circumstances." *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir.1992). The Eleventh Circuit requires a two-step Rule 11 inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

■■■ After undertaking its own research, this court has also concluded that this case is one of first impression. Though this court disagrees with the position taken by Gilmore with regard to the issue of jurisdiction, it does not believe that Rule 11 sanctions are justified on the grounds that Gilmore's arguments are not warranted by existing law. Rule 11(b)(2) protects nonfrivolous arguments for the extension, modification, or reversal of existing law or the establishment of new law. *See Alderman*, 158 F.3d at 524 (purpose of Rule 11 is not to deter novel legal arguments or cases of first impression); *Winstead v. Indiana Ins. Co.*, 855 F.2d 430, 435 (7th Cir.1988), *cert. denied*, 488 U.S. 1030, 109 S.Ct. 839, 102 L.Ed.2d 971 (1989) (suggesting that plaintiffs have Rule 11 leeway on matters of first impression); *Peloza v. Capistrano Unified School Dist.*, 37 F.3d 517, 524 (9th Cir.1994) (same). Finally, Defendants' allegations and submissions indicating that this suit was brought for improper political purposes, while troubling, are contradicted by Gilmore's affidavit filed in response to the Motion for Rule

---

5. Because this court is without subject matter jurisdiction, it is unnecessary to address the Defendants' two remaining arguments supporting dismissal.

6. Defendants claim that Gilmore filed the present suit as part of his campaign to be elected to the WEC Board of Trustees and to interfere with the re-election of other trustees.

11 Sanctions. Based on this conflicting information, this court cannot objectively conclude that the present suit was brought for improper purposes under Rule 11(b)(1). Accordingly, Defendants' Motion for Rule 11 Sanctions is due to be DENIED.

## V. *CONCLUSION*

Based on the foregoing, Defendants' Motion to Dismiss is due to be GRANTED, and Defendants' Motion for Rule 11 Sanctions is due to be DENIED. All other pending motions are due to be DENIED as moot.