Jimmy ATWELL, Plaintiff,

v.

KW PLASTICS and Sanders Lead Company, Inc., Defendants.

No. Civ.A. 01–A–1188–N.

United States District Court,
M.D. Alabama,
Northern Division.

July 18, 2002.

G. Keith Clark, Montgomery, AL, for plaintiff.

Nicholas J. Cervera, Troy, AL, Robert N. Steinwurtzel, Washington, DC, for defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

## I. INTRODUCTION

This cause is before the court on the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 23), filed on March 29, 2002. Plaintiff Jimmy Atwell's First Amended Complaint (Doc. # 18) was filed on March 2, 2002. Atwell brings a citizen suit under § 1365(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, alleging violations of the Alabama Water Pollution Control Act ("AWPCA"), *Code Ala.* § 22–22–1 *et seq.*, and regulatory provisions promulgated thereunder.

For reasons to be discussed, the Defendants' motion is due to be GRANTED.

## II. STANDARD OF REVIEW

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *See Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990); *Hayden v. Blue Cross & Blue Shield of Alabama,* 855 F.Supp. 344, 347 (M.D.Ala. 1994). A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings. *See Lawrence,* 919 F.2d at 1529. Under a factual attack, the court may weigh conflicting evidence and decide the factual issues that determine jurisdiction. *See Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *See Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942).

## III. BACKGROUND

This case is the third in a series of suits brought by Atwell against KW Plastics ("KW") and/or several related entities, alleging violations of environmental laws that have led to the undue pollution of Walnut Creek in Troy, Alabama. KW is a company that recycles plastics, and Sanders Lead Company, Inc. ("Sanders") is in the business of recycling lead from retired batteries.

Atwell sent a notice letter to KW and Sanders on October 4, 2001, informing them of the allegations that comprise the basis of this lawsuit. On October 9, 2001, Atwell filed his Complaint with this court, alleging claims under the citizen suit provisions of both the CWA and the Solid Waste Disposal Act ("SWDA"), 42 U.S.C. § 6901 *et seq.* Ordinarily, these citizen suit provisions require a plaintiff to delay filing suit for 60 days subsequent to the issuance of a notice letter, thereby allowing a sort of grace period in which the alleged violator may correct any problems and avoid litigation, or the relevant environmental agencies may elect to pursue enforcement actions of their own.[1]

---

1. The delay periods in the citizen-suit provisions result from a congressional compromise "between encouraging citizen enforcement of environmental regulations and avoiding burdening the federal courts with excessive numbers of citizen suits." *Hallstrom v. Tillamook*

The citizen suit provision of the SWDA, 42 U.S.C. § 6972, provides an exception to the 60–day delay requirement where a plaintiff alleges violation of subchapter III of the SWDA, the section addressing "hazardous waste," a subset of materials with properties that require special rules and regulations with respect to their handling, transportation, storage, etc. Where a plaintiff alleges the violation of provisions under subchapter III, 42 U.S.C. § 6921 *et seq.*, "such action may be brought immediately after [ ] notification...." 42 U.S.C. § 6972(b)(1)(A). In the original Complaint, Atwell asserted several claims under 42 U.S.C. § 6972 alleging violations involving hazardous waste, specifically lead. As noted, Atwell filed suit five days after sending his notice letter.

Atwell filed an Amended Complaint on March 5, 2002. The Amended Complaint no longer asserted claims under the citizen suit provision of the SWDA; the remaining claims were exclusively brought under the CWA.

## IV.  DISCUSSION

The issue presented by the Defendants' motion is fairly straightforward—whether Atwell's abandonment of the SWDA claims extinguishes the applicability of the notice exception in 42 U.S.C. 6972(b)(1)(A). Atwell contends that the extant case law stands for the proposition that "hybrid" suits, those alleging only some claims falling within the exception, may be brought immediately after issuance of notice, as long as the hazardous waste claims are not frivolous. Accordingly, Atwell contends, the court retains jurisdiction over this suit because the SWDA claims, although voluntarily abandoned, were not frivolous. The Defendants counter that the cases supporting jurisdiction over hybrid suits are distinguishable from the present situation, and therefore, the court lacks subject matter jurisdiction over the CWA claims because Atwell failed to comply with the delay requirement of the CWA's citizen suit provision.

A citizen suit under the CWA cannot be brought "prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order...." 33 U.S.C. § 1365(b)(1)(A). Construing the citizen suit notice provision of the CWA, the Eleventh Circuit held that "the 60–day notice requirement of 33 U.S.C. § 1365(b) is a mandatory condition precedent to the filing of a citizen suit under the Clean Water Act." *National Environmental Foundation v. ABC Rail Corporation*, 926 F.2d 1096, 1097 (11th Cir.1991) (citing *Hallstrom v. Tillamook County*, 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989) (holding that strict compliance with the 60–day notice requirement of the Resource Conservation and Recovery Act ("RCRA") was a "mandatory condition[ ] precedent" to a citizen suit brought under that statute)).

In the 1984 amendments to SWDA, Congress abrogated the delay periods when an "action" under § 6972 "respect[s]" a violation of the hazardous waste management provisions (subchapter III) of SWDA. 42 U.S.C. §§ 6972(b)(1)(A) and (B). When violations of the EPA's permit require-

*County*, 493 U.S. 20, 29, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989). Compliance with the notice and delay provisions fulfills this congressional goal in two ways. First, governmental agencies can take the lead in enforcing environmental regulations, with the hope that "an agency may be able to compel compliance through administrative action, thus eliminating the need for any access to the courts." *Id.* Second, the alleged violator is given a nonadversarial period in which he has the opportunity to comply with the law, thus obviating the need for the citizen suit. *See id.*

ments for hazardous wastes are involved, Congress felt it necessary to carve out exceptions to the delay requirements so that citizen suits could be brought immediately. Congress obviously determined that with hazardous wastes the dangers of delay and the potential for greater damage to public health or the environment outweigh the justifications for the pre-suit delay periods. It struck the balance in favor of prompt citizen enforcement of hazardous waste violations over its other policy aims of encouraging nonjudicial and nonadversarial resolution of environmental conflicts.

In *Dague v. City of Burlington*, the Second Circuit held that non-subchapter III claims (i.e., claims that do not fall within the notice exception of SWDA) could nonetheless be brought along with subchapter III claims in a suit filed prior to expiration of the delay period. *See* 935 F.2d 1343, 1351–52 (2nd Cir.1991). The court reasoned that holding otherwise would put a plaintiff in the untenable position of having to choose between "(1)delaying 60 days before bringing the hazardous waste claim so that all claims could be brought simultaneously, or (2)filing the hazardous waste claim immediately after notice is given and then seeking leave to amend the complaint to add the remaining claims after 60 days has passed." *Id.* at 1351. Addressing concerns over the possible abuse of this hybrid complaint notice exception, the court opined:

> Although the [defendant's] argument—that plaintiffs can easily circumvent the delay requirements by simply alleging a subchapter III violation, whether or not it is meritorious—does raise some concern, we do not think it outweighs congress's manifest intent to encourage quick citizen enforcement of hazardous waste violations of subchapter III. Of course, if a plaintiff should allege frivolous subchapter III claims, he would not only be subject to rule 11 sanctions, but

his claims could also be dismissed early in the litigation process, and the court, by stay or dismissal, could require full observance of the delay period.

*Id.* at 1352; *see also AM Int'l, Inc. v. Datacard Corp.*, 106 F.3d 1342, 1351 (7th Cir.1997) (following *Dague*); *Aiello v. Town of Brookhaven*, 136 F.Supp.2d 81, 108–09 (E.D.N.Y.2001) (same); *Glazer v. American Ecology Envt'l Servs. Corp.*, 894 F.Supp. 1029, 1044 (E.D.Tex.1995) (same); *Orange Envt'l, Inc. v. County of Orange*, 860 F.Supp. 1003, 1021 n. 17 (S.D.N.Y. 1994) (same). *Cf. Agricultural Excess and Surplus Ins. Co. v. A.B.D. Tank & Pump Co.*, 1995 WL 330899, *7, 1995 U.S.Dist. LEXIS 7540, *18–19 (N.D.Ill.1995) (refusing to apply the *Dague* exception where subchapter III claims were found to be without merit).

■ Atwell contends that these cases also stand for the proposition that the subchapter III claims need not be ultimately successful or meritorious to qualify for the hybrid complaint exception; rather, they need only be non-frivolous. *See, e.g., Datacard*, 106 F.3d at 1351; *Dague*, 935 F.2d at 1352. Accordingly, Atwell argues, the appropriate inquiry is whether his subchapter III claims were frivolous—if they were not, he should be allowed to proceed with his CWA claims in spite of filing suit prior to expiration of the prescribed delay period.

The court is skeptical about this reading of *Dague* and its progeny. From a pragmatic perspective, the ability of a plaintiff to potentially circumvent the notice requirements of various citizen suit provisions by merely alleging "non-frivolous" subchapter III claims may actually undermine the delicate balance of policy goals embodied in the subject provisions. Whether a claim is non-frivolous would undoubtedly become a bone of contention (as it has in this case), thereby giving rise

to further litigation that postpones the resolution of the case on its merits—which, in the first instance, is the paramount policy concern behind citizen suit enforcement of our nation's environmental laws. Accordingly, the court declines Atwell's invitation to inquire into the merits of his subchapter III claims. Regardless of their alleged viability, their most salient feature is that they were voluntarily abandoned.

In any event, *Dague* and its progeny are readily distinguished from the facts of this case. With only the exception of *Aiello*, the aforementioned courts were dealing with subchapter III claims that either were viable at that point in the proceedings or came to a "natural" demise. *See, e.g., Datacard*, 106 F.3d at 1351; *Dague*, 935 F.2d at 1352. In *Aiello*, the court extended *Dague*, holding that "the Court also believes that regardless whether the complaint's subchapter III allegations can be ascribed to a viable (a)(1)(A) claim, the presence of a subchapter III chemical in the [defendant's waste] should nonetheless be considered as non-frivolous for the purpose of obviating the need to comply with the delay period...." 136 F.Supp.2d at 110. In this case, Atwell voluntarily abandoned his subchapter III claims by filing his Amended Complaint. Accordingly, the exigencies that the *Dague* court found to outweigh the policy considerations articulated in *Hallstrom* are not present. In other words, because Atwell decided not to pursue the subchapter III claims, he can no longer argue from the policy position embodied in the SWDA's notice exception (that subchapter III claims require immediate enforcement).

Furthermore, this court notes that, although *Dague* is distinguishable, the choices which *Dague* describes as inconsistent with the policy goals of the pertinent statutes is the choice that Congress gave by choosing not to exclude CWA citizen suits from notice requirements if joined with SWDA claims. The notice requirements and exemptions of both statutes may be enforced without doing violence to either.

## V. CONCLUSION

In sum, the court concludes that the foregoing considerations militate in favor dismissing the CWA claims. With the subchapter III claims out of the case, Atwell has failed to fulfill a "mandatory condition precedent" to filing suit under the CWA. *ABC Rail*, 926 F.2d at 1097. Consequently, the court concludes that the Defendants' motion should be GRANTED. Atwell's CWA claims will be dismissed without prejudice, allowing an opportunity for Atwell to comply with the pertinent notice provisions.