H. Cree COLLINS and Darlene Collins, his wife, Plaintiffs,

v.

UNITED STATES of America, DEPARTMENT OF the ARMY,

and

United States of America Corp of Engineers of the Department of the Army, Defendants.

Civ. A. No. 85–0080.

United States District Court, W.D. Pennsylvania.

Aug. 29, 1985.

J. Alan Johnson, U.S. Atty., for defendants.

Seymour A. Sikov, Sikov and Love, P.A., Pittsburgh, Pa., for plaintiffs.

## OPINION

DUMBAULD, Senior District Judge.

■ The instant complaint was filed January 10, 1985. The serious injury to husband-plaintiff H. Cree Collins occurred January 13, 1983. The complaint invokes the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*[1] The statute of limitations is two years. 28 U.S.C. § 2401(b). The action is therefore timely filed if a letter of May 3, 1983 from plaintiffs' counsel to Army Corps of Engineers suffices to satisfy the requirement of prior presentation to the appropriate Federal agency, as required by 28 U.S.C. § 2675(a).[2]

■ The complaint names as defendants "United States of America, Department of the Army" and "United States of America,

Corps of Engineers of the Department of the Army." It does not otherwise name the United States as a defendant. Nor does it allege that the Army and its Corps of Engineers are entities entitled to sue or be sued in their own name. Defendants move to dismiss under 28 U.S.C. § 2679(a) which provides that the authority of an agency to be sued under its own name shall not extend to suit on claims cognizable under 28 U.S.C. § 1346(b).

We deny this motion, since the complaint clearly invokes the Tort Claims Act, and does not allege that the named defendants may be sued under their own names. Each named defendant seems to be described as a subheading of the "United States." Department of the Army is alleged to have "as one of its Departments" the Corps of Engineers. We conclude that this is an unartful way of suing the United States, and for clarity of the record permit plaintiff to amend for this purpose.

■ More serious is the notion that plaintiffs' "claim" was not "presented" to and denied by the appropriate Federal agency, so as to satisfy § 2675(a), and hence that by virtue of that section the Court lacks jurisdiction. This section is jurisdictional. *Bialowas v. U.S.*, 443 F.2d 1047, 1049 (C.A. 3, 1971); *Tucker v. U.S. Postal Service*, 676 F.2d 954, 959 (C.A. 3, 1982). The purpose of presentation is to permit the agency to know whether it has authority to settle under 28 U.S.C. § 2672 or must have the approval of the Attorney General. *Ibid.*, at 1050.

Plaintiffs argue that since Collins was seriously injured it was obvious that the limit of $25,000 was exceeded and that the Attorney General's consideration could

---

1. § 2674 imposes liability upon the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 1346(b) gives the District Court exclusive jurisdiction.

2. If it does not satisfy § 2675(a) the action cannot be refiled *de novo* but is now barred. We accept the rule as stated by Judge Wood in *Steele v. U.S.*, 599 F.2d 823, 826 (C.A. 7, 1979), that "when the injury coincides with the negligent act and some damage is discernible at the time, the cause of action accrues and the statute of limitation begins to run immediately. Because the injury is apparent, it is the duty of the victim of the tort to discover the negligent acts and file a claim within two years of the injury." It was obvious that Collins had been seriously injured. Proof of negligence was all that was lacking. Plaintiffs' attorney sought to procure this by invoking the Freedom of Information Act procedure.

await filing of the complaint and efforts to settle the court case. This is true, but the language of § 2675(a) is plain that an action "shall not be *instituted* upon a claim" [italics supplied] unless presentation is made. No reference to the quantum of damages is made here. Perhaps in some cases the government might be able to wear down the claimant by subjecting him to the "primary jurisdiction" procedure before the agency. Some weight is given to plaintiffs' contention by the reliance upon Congressional intent set forth in *Tucker v. U.S. Postal Service*, 676 F.2d 954, 958 (C.A. 3, 1982). The Court there views the purpose of presentation as being to notify the government of its potential liability and give it the opportunity to investigate and respond by settlement or defense.

Presentation under § 2675 and § 2672 are therefore separate and independent procedures. Hence, as held in *Tucker*, failure to present proof and evidentiary detail, which the government seeks to elicit in its form 95 which it seems to regard as the only adequate mode of "presentation," is not fatal to the claimant's court action.

Nevertheless it seems that this reasoning also undercuts the statement in *Tucker*, 676 F.2d at 959, that a presentation under § 2675 must place a value on the claim. It would seem that value is a negotiable item, often not immediately determinable by either side until after discovery is completed, and that the object of the settlement procedure itself is to reach a satisfactory determination of the value of the claim. Hence this requirement could at most be nothing but a plaintiff's "demand" and not a material substantive component of the notice. Its only function is to apprise the agency whether it has authority to settle by itself or must consult the Attorney General. We are constrained to believe that the provisions of form 95 which call for evidentiary detail and a dollar figure are wanting in statutory authority, and that the May 3, 1983, letter may not be rejected as a proper "presentation" of a "claim" for that reason.

But what, if anything, else is there in that letter which does justify considering it as the presentation of a claim? On scrutiny the following appear:

(1) It identifies, and describes the circumstances of an "accident" or "incident" (both words are used) as the result of which Collins "sustained serious injuries."

(2) It notifies the agency that a law firm has been "retained" to make "an appropriate inquiry" into the incident.

(3) It requests a copy of the Engineers' investigation report concerning the incident.

(4) It requests "appropriate forms" if anything in writing is needed [in the context of the letter, the defendants are probably right in arguing that this refers to FOIA forms rather than Form 95-type forms].

(5) As stated above, it alleges that Collins *sustained serious injuries.*

What inference would a target defendant draw upon receipt of such a letter?

Would it not be that it would be prudent to consult a legal adviser and concert preparation of a defense, and perhaps formulate settlement proposals [the injuries were obviously serious—the victim was rendered mentally incompetent and unable to communicate]?

When a lawyer is retained by an accident victim, the reason for gathering data and making "appropriate inquiry" is normally as a prelude to litigation, unless the circumstances are such as to exculpate the target defendant.

That the objective of plaintiffs' counsel was simply the advancement of science or protection of public safety by promoting OSHA-type legislation was highly improbable.

That conclusion would be as improbable as that when a man took a woman to a hotel room they went thither to say a paternoster. [See Lord Stowell's remark in *Loveden v. Loveden*, 2 Haggard Consistory Repts. 1, 24 (1810) ].

More likely the purpose of seeking the FOIA report was to obtain evidence fixing liability on the government for a large sum of money ("adequate" damages).

These circumstances seem sufficient to constitute a "claim" when presented to the government agency involved.

█ The question of admiralty jurisdiction has been argued. For completeness, by way of dictum, we would hold that this case could properly belong to admiralty jurisdiction since the work was done under water, on a navigable river, of traditionally maritime character, and the injury occurred by reason of the movement of a vessel into the lock in the course of navigation. However, 28 U.S.C. § 2679(b) may be viewed as providing an exclusive statutory remedy for personal injury or death caused by negligence of government employees, thus superseding the operation or admiralty jurisdiction in that type of case. Cf. *Mograne v. States Marine Lines*, 398 U.S. 375, 394–95, 90 S.Ct. 1772, 1784–85, 26 L.Ed.2d 339 (1970). Since the same Court would try the case without a jury under either theory (and subject to the same statute of limitations) the point seems unimportant.

We therefore conclude that the plaintiffs' case is properly in court. Defendants' motion to dismiss is denied.