Evan **HAGER**, a Minor, By and Through his Parents, Nancy C. and Terry D. HAGER, Plaintiff,

v.

The **SWANSON GROUP, INC.,** et al., Defendants.

Civil Action No. 95–4032.

United States District Court, E.D. Pennsylvania.

Jan. 31, 1996.

Dennis R. Primavera, Philadelphia, PA, for plaintiff.

Ann K. Younglove, Lafayette Hill, David R. Hoffman, James G. Sheehan, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

Plaintiff, Evan Hager, filed a complaint in this case in the Court of Common Pleas of Philadelphia County in May, 1995. One of the defendants, the United States Department of Navy Aviation Supply Office (the "Navy"), removed the case to this court. It then filed a motion to dismiss pursuant to Federal rules of Civil Procedure 12(b)(6) and 12(h)(3), contending that the plaintiff never filed a valid administrative claim against it as required by the Federal Tort Claims Act, 28, U.S.C. § 2675(a), and that the statute of limitations for doing so expired in December, 1994. This motion is opposed by the plaintiff and by another defendant, Vincent A. DiSandro, who had lodged a cross-claim against the Navy.

Following an automobile accident that allegedly injured the plaintiff, plaintiff's counsel sent a letter, dated April 23, 1993, to the Navy notifying it that he would be seeking reimbursement from it for any damages sustained.[1] The issue on which disposition of

the motion to dismiss hinges is whether the letter complied with the requirements of the Federal Tort Claims Act for filing an administrative claim.

The United States cannot be sued without its consent, and its consent to be sued in any court defines the court's jurisdiction to entertain that suit. *Bialowas v. U.S.*, 443 F.2d 1047, 1048–49 (3d Cir.1971). Such consent must be strictly construed in favor of the United States. *U.S. v. Nordic Village, Inc.*, 503 U.S. 30, 33–35, 112 S.Ct. 1011, 1014–15, 117 L.Ed.2d 181 (1992). The Federal Tort Claims Act, 28 U.S.C. § 2671–80, "is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or officers acting within their official capacity." *J.D. Pflaumer v. U.S. Dept. of Justice*, 450 F.Supp. 1125, 1132 n. 11 (E.D.Pa.1978). Title 28 U.S.C. § 2675(a) states in its entirety:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provision of this subsection shall not apply to such claims as may be asserted under the Fed-

---

1. The caption of the letter referred to an accident that had occurred on December 9, 1992, and the body of the letter stated in its entirety:

This office represents Evan Hager, a Minor by and through his Parents and Natural Guardians, Nancy C. Hager and Terry D. Hager, in a claim for recovery of damages for personal injuries arising out of the above-captioned automobile accident involving Vincent DiSandro, the driver and an employee of Swanson Security.

Thus far, our investigation reveals that you may be responsible for this unfortunate colli-

sion. Accordingly, we will be looking to you, or to your automobile insurance company, for reimbursement of any and all damages so sustained.

If you are insured for such claims as this, please forward this letter on to the appropriate insurance carrier at once. If you are not so insured, contact the undersigned attorney within fifteen (15) days from the date of this letter. Otherwise, further legal action will be instituted against you.

eral Rules of Civil Procedure by third party complaint, cross-claim or counterclaim. 28 U.S.C. § 2675(a).

The Navy asserts that plaintiff failed to file a valid administrative claim within the two-year limitations period following the accident, which occurred in December, 1992, that the failure deprived this court of jurisdiction, and that the action must therefore be dismissed. Plaintiff contends that his letter dated April 23, 1993, satisfied the requirement of filing an administrative claim.

■ It is true that a claimant can file an administrative claim by letter; he need not use a standard form. One of the regulations promulgated by the Justice Department for presenting administrative claims, 28 C.F.R. § 14.2(a), states that the claim may be presented by "an executed Standard Form 95 *or* other written notification of an incident." *Id.* (emphasis added). However, neither a letter nor a standard form can satisfy the filing requirement unless it contains certain information. The regulation goes on to state that the notification is to be "accompanied by a claim for money damages in a sum certain." *Id.* The requirements for filing a claim are just these two. As the Third Circuit has stated:

> An individual with a claim against the United States ... satisfies section 2675's requirement that "the claimant shall have first presented the claim to the appropriate Federal agency" if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim. This information alone allows the claimant to maintain a subsequent action in the district court following the denial of his or her claim by the agency or the passage of six months. Noncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim.

*Tucker v. U.S. Postal Service,* 676 F.2d 954, 959 (3d Cir.1982) (citations omitted).

■ In responding to the Navy's motion to dismiss, plaintiff stresses that he need not file a standard form, that a letter may satisfy the requirement of filing an administrative claim, and that his letter gave the agency sufficient information to enable it to investigate his claim. However, he fails to address the requirement that, whether letter or standard form, the filing must state the amount of the claim. *See, e.g., Bialowas,* 443 F.2d at 1049–50 (plaintiff's administrative claim defective for failing to specify full amount of claim). Plaintiff's letter, as reproduced above, utterly fails to state any amount for his claim.

■ In construing the United States' consent to be sued under the Federal Tort Claims Act, it is not only the language of the statute that federal courts must construe strictly, but also the language of the regulations promulgated pursuant to the Act. As the United States Court of Appeals for the Third Circuit stated in *Commonwealth of Pennsylvania v. National Association of Flood Insurers,*

> Although the purposes of the Federal Tort Claims Act is essentially remedial, the procedures established pursuant to the Act nonetheless have been strictly construed inasmuch as the Act constitutes a waiver of sovereign immunity.

*Commw. of Pa. v. Nat'l Ass'n of Flood Insurers,* 520 F.2d 11, 19–20 (3d Cir.1975) (footnote omitted). In that case, the court went on to affirm the district court's dismissal of the action for several failings in the administrative notice, including failure to state the amount of plaintiff's claim. *Id.* at 20.

In *Tucker,* the court included in its statement of what would satisfy the requirements of 28 U.S.C. § 2675 two items of information: notice adequate to enable the agency to investigate and the value of plaintiff's claim. *Tucker,* 676 F.2d at 959. The statute does not explicitly require the plaintiff to state the amount of the claim, but one of the regulations promulgated under the statute does. Title 28 C.F.R. § 14.2(a) requires that the notification be "accompanied by a claim for money damages in a sum certain." The Third Circuit construed that regulation strictly and cited it, among others, in affirming the district court's dismissal of the complaint in *National Association of Flood Insurers.* 520 F.2d at 20. It cited the same regulation *Bialowas,* where it affirmed a dis-

missal of plaintiff's claim for injuries sustained when a mail truck collided with his car because, in his administrative claim, plaintiff had given a dollar amount for the property damage, but had failed to specify the larger amount he was seeking for personal injury. 443 F.2d 1047, *passim.* I conclude, based on these cases and the regulation, that I must grant the Navy's motion to dismiss.[2]

■ Defendant, Vincent DiSandro, also opposes the Navy's motion to dismiss, and he contends that I cannot dismiss the Navy because I still have subject matter jurisdiction over his cross-claim (although he does not identify the basis of that jurisdiction). A cross-claim under Federal Rule of Civil Procedure 13(g) does not create jurisdiction; jurisdiction must exist independently over the party against whom a cross-claim is filed. Because I have no jurisdiction over the Navy in this case, I have no jurisdiction over a cross-claim against it.[3]

---

2. Plaintiff cites one case in which a motion to dismiss was denied even though the plaintiff had failed to state the amount of the claim. *Collins v. U.S.,* 626 F.Supp. 536 (W.D.Pa.1985). There, the court noted that the 28 U.S.C. § 2675(a) made no reference to the quantum of damages. *Id.* at 538. It therefore believed the call for a dollar figure to be lacking in statutory authority.

*Id.* For reasons stated in the text, *supra,* I decline to follow *Collins.*

3. Once the Navy is dismissed, there is no independent basis of jurisdiction over the case because there is no diversity.