Mary AVDELLIS, Irene Giannakos, and John Giannakos, Plaintiffs,

v.

The LIPS CAB CORP., Nasir Mahood, and Linda R. Rencs, Defendants.

No. CV 96–4243.

United States District Court, E.D. New York.

May 15, 1997.

---

Fontanelli & Fontanelli (Joseph Fontanelli, of counsel), Brooklyn, NY, for plaintiffs.

Bisceglia & Oppenheim (Stacy R. Seldin, of counsel), New York City, for defendants The Lips Cab Corp., and Nasir Mahood.

Zachary W. Carter, U.S. Attorney (Paul Kaufman, Assistant U.S. Attorney, of counsel), Brooklyn, NY, for Defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

The three plaintiffs, Mary Avdellis, Irene Giannakos, and John Giannakos brought this action in New York State Supreme Court, Kings County, against the three defendants, including Linda R. Rencs. On March 4, 1992, plaintiffs Mary Avdellis and Irene Giannakos were passengers in a motor vehicle operated by defendant Nasir Mahood, and alleged that they were injured when Mahood's vehicle and a vehicle operated by Ms. Rencs had an accident. John Giannakos, the husband of Irene Giannakos, alleged a claim for loss of consortium.

At the time of the accident Ms. Rencs was an employee of the Internal Revenue Service (IRS), and was acting within the scope of her employment. The United States therefore removed the action to this court. *See* 28 U.S.C. §§ 1441(a) and (b) and 2679(d).

The government has moved to substitute itself as defendant in place of Ms. Rencs and to dismiss plaintiffs' claims against it. Under the Federal Tort Claims Act (the Act) a suit against the United States is the exclusive remedy for persons with claims of damages resulting from the actions of federal employees performed within the scope of their employment. 28 U.S.C. § 2679(b)(1). Moreover, pursuant to 28 U.S.C. § 2679(d)(1), (2), upon certification that a federal employee was acting within the scope of her employment at the time of the incident upon which the claim arose, a civil action arising out of that incident is deemed an action against the United States and requires that the United States be substituted as sole defendant.

The government certified that Ms. Rencs was a government employee and was authorized to use the vehicle involved in the incident, and was acting within the scope of that employment. Accordingly the United States is the proper and exclusive party.

A plaintiff bringing suit under the Act must comply with 28 U.S.C. § 2401(b). That section states that a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is brought

within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *Id.*

## I

■ Mr. Giannakos has never filed a written claim with the IRS. His action is therefore barred under 28 U.S.C. § 2401.

## II

On April 23, 1993 Ms. Avdellis and Ms. Giannakos, by their attorney, mailed administrative claims within the two year period to the IRS. These claims were received on May 10, 1993 by the IRS Claims Manager, Office of Chief Counsel, Finance and Management, General Legal Services. He denied the claims on August 12, 1993 by letter sent by certified mail to the attorney for Ms. Avdellis and Ms. Giannakos. The attorney received the letter on August 19, 1993.

Both claims alleged personal injuries to the knee and back, and recited "[n]o claim is being made for property damages" because the claimants were passengers in the vehicle involved in the accident.

The denials of the claims both read as follows:

"Dear Mr. Fontanelli:

"This is to inform you that the tort claim you submitted against the United States for property damages has been denied. Our review of the facts and law does not indicate any basis for liability under the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b), 2671–2680. Therefore, we are without authority to pay this claim.

"In the event that you are dissatisfied with this action, you may file suit in the appropriate United States district court no later than six months after the date of the mailing of this notification."

Plaintiff's complaint in the state court was dated February 22, 1994 and filed on March 1, 1994. This was more than six months after the denial.

Plaintiffs dispute neither the fact that the IRS sent the denial letters dated August 12, 1993 nor the fact that Ms. Avdellis and Ms.

Giannakos brought action more than six months after receipt of the letters. They claim that because the letters referred to "property" damages, the personal injury claims, the only claims made, were never actually denied.

■ It is true that the letters incorrectly referred to "property damages." But plaintiffs made only personal injury claims and explicitly disclaimed having any property damage claim. Moreover, the denial letters, addressed to plaintiffs' attorney, state that "[o]ur review of the facts and law does not indicate any basis for liability under the Federal Tort Claims Act." There thus could have been no doubt that the denials were of whatever claims had been made. The attorney who received the letters knew precisely what claims were being denied since he filed them on behalf of the plaintiffs. It is not conceivable that he supposed the denials were of nonexistent property claims.

Under 28 U.S.C. § 2401(b) the court will dismiss the claims of Ms. Avdellis and Ms. Giannakos. Whether plaintiffs have a claim against their attorney is not before the court.

■ Two of the defendants, The Lips Cab Corp. and Nasir Mahood, have submitted an affirmation in partial opposition to the government's motion. They say that their cross-claims filed in the state court against Ms. Rencs "remain viable" against the United States.

Because the court has no jurisdiction over the United States in the case, it has no jurisdiction over a cross-claim against the United States. *See Hager v. Swanson Group, Inc.*, 916 F.Supp. 447, 450 (E.D.Pa. 1996).

The motion of the United States is granted. The United States is substituted as defendant in place of Linda R. Rencs. The claims of the plaintiffs and of the defendants against the United States are dismissed.

So ordered.