Daniel C. FREE, as Administrator of the Estate of Lee Cratin Free, Plaintiff–Appellee,

v.

UNITED STATES of America, Defendant–Appellant.

No. 89–8057.

United States Court of Appeals, Eleventh Circuit.

Oct. 10, 1989.

Michael Jay Singer, Appellate Section–Civ. Div., U.S. Dept. of Justice, Mark B. Stern, Washington, D.C., for defendant-appellant.

Joseph R. Neal, Neal & Boone, Jack E. Boone, Law Office of Jack E. Boone, Augusta, Ga., for plaintiff-appellee.

Before FAY and HATCHETT, Circuit Judges, and ALLGOOD *, Senior District Judge.

HATCHETT, Circuit Judge:

In this case, we hold that the presentment requirements of the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2675) are distinct from the settlement requirements of that Act (28 U.S.C. § 2672), allowing a claimant who has met presentment requirements to bring a lawsuit where the settlement requirements are not met until after the statutory period for filing a claim has expired. We affirm.

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

## FACTS

On February 16, 1985, Lee Cratin Free died while receiving in-patient treatment at the Veterans Administration (VA) Medical Center at Augusta, Georgia. At the time of his death, he was single and had no children. On May 21, 1986, the VA received an administrative claim signed by Daniel C. Free, as claimant, and listing Sally Lowe, Billy W. Free, J.E. Free, and Rhetta Anderson as additional claimants. The claim did not indicate any relationship existing between the claimants and the deceased. The claim was for wrongful death.

On November 17, 1986, a VA official wrote Daniel Free's lawyer requesting additional information, including whether Daniel Free had been appointed administrator or executor of Lee Cratin Free's estate. On January 2, 1987, Daniel Free's lawyer furnished most of the information the VA requested, but failed to furnish information regarding Daniel Free's appointment as administrator of the deceased's estate. Instead, Daniel Free's lawyer stated that he believed all listed claimants, as brothers and sisters of the deceased, would have a cause of action for wrongful death under Georgia law. On April 10, 1987, a VA official again requested evidence that Daniel Free had been appointed personal representative of the deceased's estate. On May 29, 1987, after extending the time for considering the claim, and having received no response to its April 10th request, the VA denied the claim.

On October 21, 1987, another lawyer, as counsel for claimant, submitted an "Amendment for Reconsideration" to the VA's general counsel in Washington, D.C. The request for reconsideration showed that Daniel Free had been appointed temporary administrator of the deceased's estate on October 20, 1987 (after the two-year statute of limitation had run). On February 9, 1988, finding the claim barred by the applicable statute of limitation, the VA denied the request for reconsideration.

## PROCEDURAL HISTORY

Daniel Free filed this lawsuit in the district court seeking damages under the FTCA, 28 U.S.C. §§ 1346(b), 2401(b), 2671–2680. The government moved to dismiss the lawsuit, contending that Daniel Free failed to meet the jurisdictional prerequisite for maintaining a suit under the FTCA. The district court denied the motion to dismiss stating that, notwithstanding Free's failure to meet the presentment requirements of the VA, the claim was not barred because it met the jurisdictional prerequisites of 28 U.S.C. § 2675. We accepted the district court's certification of the issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## CONTENTIONS

Free contends that he has satisfied the jurisdictional requirements of 28 U.S.C. § 2675 and may maintain this lawsuit pursuant to the FTCA.[1] On the other hand, the government contends that in order to satisfy the jurisdictional requirements of 28 U.S.C. § 2675, the person entitled to settle

---

1. 28 U.S.C. § 2675 provides:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

(c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.

the claim must make presentment to the agency during the statutory period.

## ISSUE

The issue is whether a claimant who files a claim during the statutory period, but who does not meet the settlement requirements of the agency until after the statute has run, may maintain a lawsuit against the United States pursuant to the FTCA.

## DISCUSSION

■ In order to maintain a lawsuit against the United States under the Federal Tort Claims Act, a plaintiff must present notice of his or her claim to the appropriate federal agency. *Adams v. United States*, 615 F.2d 284 (5th Cir.1980), *clarified on reh'g*, 622 F.2d 197 (5th Cir.1980) (quoting *Mack v. Alexander*, 575 F.2d 488 (5th Cir. 1978)). Once the claim has been denied or six months after the claim has been filed, a plaintiff may bring a lawsuit in federal court. 28 U.S.C. § 2675(a).

Pursuant to 28 U.S.C. § 2672, the head "of each Federal agency ... may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States...." In interpreting this provision, we have held that compliance with the minimal statutory requirements is necessary.

A federal court's power to adjudicate a claim brought against the United States depends solely on whether the claimant has previously complied with the minimal requirements of the statute. [Citation omitted.] *Federal court power does not depend on whether a claimant has successfully navigated his or her way through the gauntlet of the administrative settlement process.* [Emphasis added.]

*Adams*, 615 F.2d at 292. Consequently, we focus on whether Free has complied with 28 U.S.C. § 2675. As noted in *Adams*, "the question whether a plaintiff has presented the requisite section 2675 notice is determined without reference to whether that plaintiff has complied with all settle-ment related requests for information." *Adams*, 615 F.2d at 288.

■ In order to satisfy section 2675's requirements, a claimant must (1) give the agency written notice of the claim to enable the agency to investigate and (2) place a value on the claim. *Adams*, 615 F.2d at 289; *see also Tidd v. United States*, 786 F.2d 1565 (11th Cir.1986). Free contends that he complied with section 2675 by giving notice to the VA about the incident and stating a value for the claim within the statutory period. On the other hand, the government argues that in order to satisfy section 2675's notice requirements, the person entitled to settle the claim must make presentment to the agency within the statutory period; under Georgia law, a wrongful death action, under the circumstances in this case, must be brought by a representative of the deceased's estate.[2] In this case, brothers and sisters filed the claim.

The district court found, and the government concedes, that the claim filed on May 21, 1986, gave sufficient notice to allow it to investigate the claim and that it stated a sum certain for recovery. The government argues, nevertheless, that it did not receive a claim within the meaning of section 2675 until the administrator filed his claim outside the statutory period. According to the government, only a person who is entitled to recover under state law may properly file a claim for purposes of the FTCA. The government argues that since it did not receive notice of the administrator's claim until after the two-year statute of limitation period had run, the claim is barred. We disagree.

As this court stated in *Adams:*

An individual with a claim against the United States, therefore, satisfies section 2675's requirement that 'the claimant shall have first *presented the claim to the appropriate Federal agency*' if the *claimant* (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim. [Citations omitted.] *This information alone*

---

2. Section 51-4-5(a), Official Code of Georgia.

allows the claimant to maintain a subsequent action in the district court following the denial of his or her claim by the agency or the passage of six months. Noncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim. [Footnote omitted.] [Emphasis added.]

*Adams*, 615 F.2d at 289–90. By the notice filed in this case, the government was put on notice to investigate the circumstances of Free's death and made aware of the amount of the claim. Consequently, the VA was in a position to assess its potential liability with respect to the circumstances surrounding the death. The government had sufficient information to investigate and either settle or defend the claim.

Our conclusion is also supported by *Rise v. United States*, 630 F.2d 1068 (5th Cir. 1980). In *Rise*, the government argued that "particular facts and theories are part of a claim only if they are specifically set out in the claim as a basis of relief." *Rise*, 630 F.2d at 1071. The Fifth Circuit rejected the government's argument and instead stated that,

> [The statutory purpose of requiring an administrative claim] will be served as long as a *claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant.* Accordingly, we think that if the Government's investigation of Rise's claim should have revealed theories of liability other than those specifically enumerated therein, those theories can properly be considered part of the claim. [Emphasis added.]

*Rise*, 630 F.2d at 1071.

We agree with the district court's finding and hold that Free satisfied the jurisdictional requirement of section 2675 and has standing to bring this lawsuit pursuant to the FTCA. The government has a duty to dispose of claims which meet the jurisdictional requirements of section 2675; it must either notify the claimant in writing that the claim has been denied, take no action for six months, or settle. *See* 28 C.F.R. §§ 14.9 and 14.10. The presentment requirements of section 2675 are distinct from the settlement requirements of section 2672.

The district court correctly denied the VA's motion to dismiss.

AFFIRMED.