995 F.2d 1063
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edwin Durant RHODES, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee,
and
Hilton Graham JOHNSON, Defendant.
 No. 92-2016.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 19, 1993.
Decided: June 15, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CA-92-68)
 Gary Keith Shipman, Jennifer Leigh Umbaugh, SHIPMAN & LEA, Wilmington, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Eileen G. Coffey, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Edwin Durant Rhodes appeals the district court's order dismissing his tort claims action against the United States for want of subject matter jurisdiction. Because we agree with the district court that Rhodes did not meet his burden of establishing that he had presented his claim to the appropriate federal agency, we affirm.
 
 I.
 
 2
 Rhodes was injured on November 21, 1989, when a vehicle driven by Hilton Johnson turned into the path of Rhodes' vehicle. Johnson was driving the vehicle, which was owned by the United States, in the course of his employment with the United States Department of Agriculture, Animal & Plant Health Inspection Service (APHIS).
 
 
 3
 On February 27, 1990, Rhodes' attorney mailed a completed Claim for Damage, Injury, or Death (SF-95), copies of medical records and the accident report, and a cover letter to the APHIS office in Minneapolis. The material was sent by first-class mail, rather than by registered or certified mail.
 
 
 4
 In accordance with its usual procedures, APHIS opened a motor vehicle accident file in connection with Rhodes' accident. When the insurer filed a claim with APHIS, a tort claim file was opened, and the motor vehicle accident file was retrieved and incorporated into the claims file. Nothing in the claims file contains anything to suggest that Rhodes ever filed a claim or contacted APHIS in any manner regarding such a claim.
 
 
 5
 Internal memoranda generated by APHIS and contained in the file strongly suggest that no claim was ever received from Rhodes. One memorandum dated July 18, 1991, directed that the insurer's claim was to be held in abeyance until the extent of all claims, including any potential claim by Rhodes, was known. A subsequent memorandum dated November 22, 1991, inquired as to whether Rhodes had filed a claim.
 
 
 6
 Affidavits reveal that Rhodes' representative made several attempts to file a tort claim with APHIS in Minneapolis. After receiving no acknowledgment that the material mailed on February 27, 1990, had been received, Rhodes' attorney mailed another set of material to APHIS on August 14, 1990. Again, the material was sent by first-class mail. On September 24, 1990, a paralegal at the same law firm wrote to APHIS, advising that she was forwarding more copies of Rhodes' medical records and bills.
 
 
 7
 Because Rhodes heard nothing from APHIS, he deemed the claim denied, see 28 U.S.C. § 2675 (1988), and filed an action against Johnson in state court. The United States substituted itself as the Defendant and removed the action to federal court. The district court determined that Rhodes had not established that he presented his claim to APHIS and dismissed the action pursuant to Fed. R. Civ. P. 12(b)(1). Rhodes timely appealed.
 
 II.
 
 8
 "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b) (1988). Presentment of an administrative claim is a jurisdictional prerequisite to maintaining a tort claims action against the United States. Wilkinson v. United States, 677 F.2d 998, 1000 (4th Cir.), cert. denied, 459 U.S. 906 (1982). A plaintiff seeking to bring such an action has the burden of establishing subject matter jurisdiction. Schmidt v. United States, 901 F.2d 680, 683 (8th Cir. 1990), vacated on other grounds, 59 U.S.L.W. 3561 (U.S. Feb. 19, 1991).
 
 
 9
 A tort claim is "presented" when the federal agency "receives from a claimant ... an executed [SF-95] or other written notification of an incident, accompanied by a claim for money damages." 28 C.F.R. § 14.2(a) (1992). Mailing alone is not enough; there must be evidence of actual receipt. Drazan v. United States, 762 F.2d 56, 58 (7th Cir. 1985); Bailey v. United States, 642 F.2d 344, 347 (9th Cir. 1981). In Bailey, the Second Circuit did not dispute the assertion that the claim was mailed. However, this did not establish receipt. The court stated that an obvious way for the claimant to establish receipt would be to send the claim by certified or registered mail. Id. at 347.*
 
 
 10
 In this case Rhodes demonstrated merely that he mailed the material to APHIS. He did not, as he was required to do, establish that APHIS received the claim. He thus did not meet the jurisdictional prerequisite of showing presentment. Dismissal for want of subject matter jurisdiction was proper.
 
 III.
 
 11
 As our review of the materials before us reveals that oral argument would not aid the decisional process, we dispense with argument. In light of this determination, the Motion for Decision on the Briefs is granted. The judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 *
 To the extent that proof of mailing creates a rebuttable presumption of receipt, we agree with the district court that in this case the presumption was rebutted by the Hartson affidavit and the memoranda from Bargeron to the APHIS claims department