Robert A. PAYNE and Florell A. Payne, Plaintiffs,

v.

UNITED STATES of America and United States Department of Labor, Defendants.

No. 97–CV–660 LEK/DNH.

United States District Court, N.D. New York.

July 1, 1998.

De Lorenzo, Pasquariello, Weiskopf & Gorman, P.C., Schenectady, NY (Paul E. De Lorenzo, of counsel), for Plaintiffs.

Office of the United States Attorney, Albany, NY (James C. Woods, Asst. U.S.Atty., of counsel), for Defendants.

### MEMORANDUM— DECISION AND ORDER

KAHN, District Judge.

*I. Introduction*

Plaintiffs have brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. Plaintiff Robert A. Payne ("Robert Payne") states claims for negligence and nuisance, alleging that the floor of a building under the management and control of the defendants was in a slippery condition, causing him to fall and injure

himself. His wife, plaintiff Florell A. Payne ("Florell Payne") sues for loss of consortium. Presently before the Court is a motion by the defendants for summary judgment.

## II. Discussion

### A. Standard of Review

Under Rule 56(c), summary judgment:

shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); see Anderson v. Liberty Lobby, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed. Deposit Ins. Corp. v. Giammettei, 34 F.3d 51, 54 (2d Cir.1994). The substantive law determines which facts are material to the outcome of a particular litigation. See Anderson, 477 U.S. at 250, 106 S.Ct. 2505; Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir.1975). In determining whether summary judgment is appropriate, a court must resolve all ambiguities, and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)); Hurwitz v. Sher, 982 F.2d 778, 780 (2d Cir.1992), cert. denied, 508 U.S. 912, 113 S.Ct. 2345, 124 L.Ed.2d 255 (1993).

If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586, 106 S.Ct. 1348; Trans Sport v. Starter Sportswear, 964 F.2d 186, 188 (2d Cir.1992) (stating that "the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely ... on the basis of conjecture or surmise") (citations omitted). Only when it is apparent, however, that no rational finder of fact "could find in favor of the non-moving party because the evidence to support its case is so slight" should summary judgment be granted. Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir.1994). With this standard in mind, the Court turns to the substance of defendant's motion.

### B. Lack of Subject Matter Jurisdiction

Defendants argue that the Court is without subject matter jurisdiction over this action because plaintiffs have failed to file a notice of claim in compliance with 28 U.S.C. § 2675.

Section 2675(a) of Title 28 requires, as a prerequisite to a suit under the FTCA, that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant ... written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property ...." 28 C.F.R. § 14.2(a).

The requirement that administrative claims be filed with and denied by the appropriate federal agency is jurisdictional. Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir.), cert. denied, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). Thus, failure to comply creates a jurisdictional defect. Contemporary Mission, Inc. v. United States Postal Service, 648 F.2d 97, 103 n. 7 (2d Cir.1981). A plaintiff bears the burden of demonstrating that he or she has presented a claim to the appropriate federal agency. Keene Corp. v. United States, 700 F.2d 836, 840 (2d Cir.), cert. denied, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

Here, the plaintiffs have not presented sufficient evidence for a trier-of-fact to find that they have complied with the filing requirements. They provide a letter and attached notice of claim allegedly mailed to the Department of Labor on or around February 9, 1996. *See* De Lorenzo Aff. Exh. A. This evidence is sufficient to raise a question as to whether the notice was mailed. However, it is established that "[m]ailing alone is not enough; there must be evidence of actual receipt." *Rhodes v. United States of America,* 995 F.2d 1063, 1993 WL 212495, *2 (4th Cir. June 15, 1993) (citing *Drazan v. United States,* 762 F.2d 56, 58 (7th Cir.1985) and *Bailey v. United States,* 642 F.2d 344, 347 (9th Cir.1981)); *Bell v. United States,* Civ. A. No. 86–1759–MA, 1986 WL 13401, *1 (D.Mass. Nov. 20, 1986). Typically, proof of receipt is established by sending the claim by certified or registered mail. *Bailey,* 642 F.2d at 347. Such proof is required particularly where the defendants provide affirmative evidence that no claim was ever received. *See, e.g., Schafer v. Wadman,* No. 92 Civ. 2989, 1992 WL 350750, *2 (S.D.N.Y. Nov. 17, 1992) (no jurisdiction under FTCA where defendants presented evidence that no claim had been received and plaintiff provided no evidence of receipt); *Crack v. United States,* 694 F.Supp. 1244, 1248 (E.D.Va.1988) (no jurisdiction where plaintiff offered no evidence to rebut Government's proof that notice, although mailed, was not received). Here, defendants have submitted a sworn affidavit from Jeffrey L. Nesvet ("Nesvet"), Counsel for Claims and Compensation, Office of the Solicitor, United States Department of Labor. *See* Def. Mem. Exh. A. In this statement, Nesvet has testified that he ˙ has searched the relevant records of the U.S. Department of Labor on or around July 2, 1997 and found no record of any written notification from plaintiffs of their claim. *Id.* at ¶ 3. Plaintiffs have presented no evidence that the defendants actually received the notice such as a return receipt. Thus, the February 9, 1996 mailing does not satisfy the notice requirement.

 Plaintiffs also assert that they mailed a second notice of claim on July 11, 1997. De Lorenzo Aff. ¶ 4. Defendants do not deny receiving this notice. However, the Supreme Court has recently held that a notice of claim filed after the commencement of the action cannot support jurisdiction over an FTCA claim. *See McNeil v. U.S.,* 508 U.S. 106, 111–12, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). Plaintiffs commenced their action on May 6, 1997, before the mailing of their second notice. Thus, they cannot rely upon it to establish jurisdiction.

Accordingly, it is hereby

ORDERED that the defendant's motion for summary judgment is GRANTED and the action is dismissed in its entirety; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.