Charles BARNETT, Plaintiff,

v.

OKEECHOBEE HOSPITAL, d/b/a Raulerson Hospital, Bernard Kruszel, M.D., and Department of Veterans' Affairs, an Agency of the United States of America, Defendants.

No. 99–14363–CIV.

United States District Court,
S.D. Florida,
Fort Pierce Division.

June 6, 2000.

Scott W. Leeds, Leeds & Colby, Miami, FL, for plaintiff.

Jose A. Bonau, Assistant United States Attorney, United States Attorneys Office, Miami, FL, for defendant.

## *ORDER*

MOORE, District Judge.

THIS CAUSE came before the Court upon the Motion to Dismiss Amended Complaint for Damages (DE # 22) filed by Defendant United States Department of Veterans' Affairs, an agency of the United States of America ("DVA").

UPON CONSIDERATION of the Motion, the responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### BACKGROUND

Plaintiff Charles Barnett filed this action against Defendants Okeechobee Hospital, Bernard Kruszel, M.D., and the DVA, on October 12, 1999 in the Nineteenth Judicial Circuit in and for Okeechobee County, Florida, asserting medical malpractice and negligence claims in connection with treatment Plaintiff received at Okeechobee Hospital and the Veterans Administration Medical Center of Miami ("VAMC") in July and August 1997. On November 19,

1999, the DVA removed the action to federal court pursuant to 28 U.S.C. § 1441(a).

In August 1998, the DVA Office of Regional Counsel in Bay Pines, Florida received a "Notice of Intent To Initiate Litigation" letter ("Notice") from Plaintiff's attorney. Plaintiff's Notice informed the DVA that Plaintiff had retained counsel and that he intended to initiate litigation for medical malpractice against the DVA. The Notice averred that agents and/or employees of the DVA had acted negligently by, *inter alia*, failing to diagnose Plaintiff's infection, failing to perform appropriate tests on Plaintiff, and failing to treat Plaintiff with appropriate antibiotics. Plaintiff's Notice further alleged that the DVA's negligence more likely than not resulted in the necessity to amputate Plaintiff's lower right extremity. Although Plaintiff's August 28, 1998 Notice does state "our client will be seeking damages as provided by law," the Notice does not contain a demand for money damages for a sum certain.

On September 1, 1998, a DVA staff attorney sent a response to Plaintiff's Notice, advising Plaintiff's attorney that his client's allegations were covered by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et. seq.*, and that, therefore, "[Plaintiff's] letter of August 28th is not applicable in this instance to the VA."[1] The DVA's letter further advised Plaintiff's attorney that a Standard Form 95 ("SF 95") was enclosed with the written response and that such form was the "appropriate method of filing an administrative tort claim against the VA." In addition to noting that "the statute of limitations for FTCA claims is two years," the DVA's response also directed Plaintiff's attorney's

attention to the federal statutes governing Plaintiff's claim against the DVA. The DVA avers that, aside from the August 28, 1998 Notice, no other written notification was ever received by the DVA Office of Regional Counsel from Plaintiff or Plaintiff's attorney regarding Plaintiff's claims under the FTCA.

On January 14, 2000, the DVA moved to dismiss Plaintiff's Complaint on the grounds that this Court lacks subject matter over this action because Plaintiff has failed to file a notice of claim in compliance with 28 U.S.C. § 2675. In an Order dated April 18, 2000, this Court found that Plaintiff had failed to demonstrate to the Court that he actually mailed the appropriate notification to the DVA in accordance with Section 2675(a) or that the DVA ever received such notification. The Court dismissed Plaintiff's Complaint without prejudice and granted Plaintiff ten days in which to file an Amended Complaint together with documentation sufficient to support a finding that the appropriate notification of claim and sum certain was mailed to and received by the appropriate federal agency within the two-year statute of limitations as required by 28 U.S.C. § 2401(b).

On April 28, 2000, Plaintiff filed an Amended Complaint for Damages, including an incorporated memorandum of law in support of Plaintiff's position that Plaintiff filed a timely and appropriate administrative claim with the DVA. In his Amended Complaint, Plaintiff contends that the "Notice of Intent to Initiate Litigation," mailed to the DVA on August 28, 1998, satisfied the presentment requirements of Section 2675(a).[2]

---

1. September 1, 1998 Letter of Steve McCormack, Exhibit "3" to Plaintiff's Amended Complaint.

2. Plaintiff also claims that, even if his August 28, 1998 Notice was not sufficient to satisfy the notice requirements of Section 2675(a), Plaintiff submitted a completed SF 95 to the DVA Office of Regional Counsel, on or about September 8, 1998. However, Plaintiff has

failed to attach any new documentation to his Amended Complaint to verify that a SF 95 was ever actually mailed to and received by the DVA. *See* April 18, 2000 Order on Defendant's Motion to Dismiss.

Plaintiff has provided the Court with a letter and a SF 95, purportedly mailed in September 1998. However, the DVA has presented a sworn declaration averring that the

The DVA now moves to dismiss Plaintiff's Amended Complaint for Damages on the grounds that Plaintiff has failed to demonstrate that he presented his claim to the DVA in accordance with Section 2675(a). The DVA avers that the August 28, 1998 Notice failed to place a value on Plaintiff's claim.

In response to the DVA's claim that this Court lacks subject matter jurisdiction over this cause due to Plaintiff's failure to give the appropriate administrative notice, Plaintiff asserts that his August 28, 1998 letter provided sufficient notice of his claim and the amount thereof to satisfy the presentment requirements of Section 2675(a). Plaintiff avers that the Notice provided a detailed description of the cause and nature of Plaintiff's injuries and informed the DVA that counsel had been retained to pursue a potential lawsuit. Further, Plaintiff avers that the DVA had access to the bills and records pertaining to Plaintiff's treatment at the VAMC and, therefore, the DVA was on notice as to the amount of Plaintiff's claim. In support of that contention, Plaintiff avers that by correspondence dated July 31, 1998, the DVA indicated that Plaintiff's medical bills totaled $54,176.00. Therefore, Plaintiff claims, the DVA had sufficient information from which to estimate the value of Plaintiff's claim.

In its Reply to Plaintiff's Response, the DVA avers that Plaintiff's August 28, 1998 Notice did not provide facts from which the DVA could estimate the amount of Plaintiff's claim. The DVA contends that the Notice informed the agency only of the cause and nature of Plaintiff's injuries and not of what value Plaintiff would place on his claim. Further, the DVA avers that the $54,176.00 in VA bills, referenced in the July 31, 1998 letter to Plaintiff's counsel, represented the DVA's estimate of the costs it had incurred in treating Plaintiff for purposes of pursuing a Medical Care Cost Recovery ("MCCR") case against the unknown third party tortfeasor who caused Plaintiff's original injury. The DVA asserts that Plaintiff's obligation to place a value on his claim against the DVA is not relieved by the fact that the DVA had estimated the cost of its treatment of Plaintiff.

## DISCUSSION

The Federal Tort Claims Act ("FTCA") is a congressional exception to the general rule of sovereign immunity, under which the federal government may be held liable for certain torts under certain circumstances to the same extent as a private party.[3]

28 U.S.C. § 2675(a) requires, as a prerequisite to a suit under the FTCA, that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." The notice must be provided in writing to the appropriate

relevant records of the DVA Office of Regional Counsel have been searched and that, other than the August 28, 1998 letter from Plaintiff's counsel, no record of any written notification from Plaintiff has been found. As the Court noted in its April 18, 2000 Order, a claim is "presented" when it is *received* by a federal agency. *See* 28 C.F.R. § 14.2(a); *Bailey v. United States,* 642 F.2d 344, 346–47 (9th Cir.1981). "Mailing alone is not enough; there must be evidence of actual receipt." *Rhodes v. United States,* 995 F.2d 1063, 1993 WL 212495, *2 (4th Cir. June 15, 1993) (citing *Drazan v. United States,* 762 F.2d 56, 58 (7th Cir.1985) and *Bailey v. United States,* 642 F.2d 344, 347

(9th Cir.1981)). This holds especially true where, as here, the DVA has provided evidence in the form of a sworn declaration asserting that no administrative notice has been received. *See Payne v. United States,* 10 F.Supp.2d 203, 205 (N.D.N.Y.1998) (finding that proof of receipt is required particularly where the defendants provide affirmative evidence that no claim was ever received). Generally, proof of receipt is established by sending the claim via registered or certified mail. *See Bailey,* 642 F.2d at 347.

**3.** *See Suarez v. United States,* 22 F.3d 1064, 1064 (11th Cir.1994).

federal agency within two years after the claim accrues or it is forever barred.[4]

■ In order to satisfy the administrative notice requirements set forth in Section 2675(a), a claimant must: (1) give the agency written notice of the claim to enable the agency to investigate and (2) place a value on the claim.[5] "[A] claim shall be deemed to have been presented when a federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury or death alleged to have occurred by reason of the incident."[6] No particular form or manner of giving the notice required under Section 2675(a) is mandated, as long as the agency is somehow informed of the claim and the amount thereof within the two year period.[7] "It is plain that the 'claim' required must be something more than mere notice of a potential lawsuit."[8]

A federal court may not exercise jurisdiction over an action brought pursuant to the FTCA unless the claimant first filed an administrative claim with the appropriate federal agency pursuant to 28 U.S.C. § 2675(a).[9] Further, a plaintiff attempting to state a claim under the FTCA bears the burden of establishing that he presented a claim to the appropriate federal agency in accordance with Section 2675(a).[10]

The central issue in the disposition of the DVA's Motion to Dismiss is the determination of whether the "Notice of Intent to Initiate Litigation" submitted to the DVA on Plaintiff's behalf satisfied the requirement under the FTCA that Plaintiff place a value on his claim.

The Court analyzes this issue in light of Section 2675(a)'s underlying policy goals. The Section

> is designed ... to provide a procedure under which the government may investigate, evaluate and consider settlement of a claim. This purpose requires that the Notice of Claim provide sufficient information both to permit an investigation and to estimate the claim's worth.[11]

The provision was enacted "to ease court congestion and avoid unnecessary litigation while making it possible for the government to expedite the fair settlement of tort claims asserted against the United States" and to provide "for more fair and equitable treatment of private individuals and claimants when they are ... involved in litigation with their government."[12]

The central focus in an inquiry into the sufficiency of a plaintiff's administrative notice is the claim's "utility in effecting the policy goals of § 2675(a)"[13]—i.e., the extent to which the claim "enables the target agency to pursue avenues of negotiation and settlement."[14] The Eleventh Circuit

**4.** 28 U.S.C. § 2401(b).

**5.** See Adams v. United States, 615 F.2d 284, 289 (5th Cir.1980)

**6.** 28 C.F.R. § 14.2(a).

**7.** See Williams v. United States, 693 F.2d 555, 557 (5th Cir.1982).

**8.** Molinar v. United States, 515 F.2d 246, 249 (5th Cir.1975).

**9.** See id.

**10.** See Payne v. United States, 10 F.Supp.2d 203, 204 (N.D.N.Y.1998) (citing Keene Corp. v.

United States, 700 F.2d 836, 840 (2d Cir.), cert. denied, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983)).

**11.** See Keene v. United States, 700 F.2d 836, 842 (2d Cir.), cert. denied, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); see also Shipek v. United States, 752 F.2d 1352, 1354 (9th Cir.1985).

**12.** See S.Rep. No. 1327, 89th Cong., 2d Sess., 1966 U.S.C.C.A.N., at 2515–16.

**13.** Leaty v. United States, 748 F.Supp. 268, 271 (D.N.J.1990).

**14.** Id.

takes a liberal approach to the "sum certain" requirement.[15]

In consideration of the DVA's Motion, the Court notes that in the case of factual attacks on the court's subject matter jurisdiction, in which "the existence of subject matter jurisdiction in fact," is challenged, irrespective of the pleadings, "matters outside the pleadings, such as testimony and affidavits, are considered." [16] In a motion to dismiss involving a factual attack on jurisdiction, the presumption of truthfulness afforded a plaintiff under Fed. R.Civ.P. 12(b)(6) does not attach and the court may weigh the evidence in the record.[17]

In his August 28, 1998 Notice, Plaintiff provided the DVA with no information regarding his claimed damages. The DVA staff attorney who received Plaintiff's Notice sent Plaintiff's counsel an immediate response. In the DVA's response to Plaintiff's Notice, Plaintiff was advised that his claim was covered by the FTCA and that a SF 95 should be completed and returned to the DVA. The DVA's response further advised Plaintiff that the statute of limitations for FTCA claims is two years and directed Plaintiff's attention to the statutes governing his claims. The DVA enclosed with its response a SF 95. Under the section entitled "Amount of Claim" on the SF 95, block 12(d) states: "TOTAL (*Failure to specify may cause forfeiture of your rights.*)"

Plaintiff cites *Williams v. United States,* 693 F.2d 555 (5th Cir.1982) and *Molinar v. United States,* 515 F.2d 246 (5th Cir.1975), in support of his contention that Plaintiff's Notice, when taken together with the DVA's prior estimation of the cost of Plaintiff's treatment at the VAMC, constitutes appropriate administrative notice under Section 2675(a). The Court finds that Plaintiff's reliance on these cases is misplaced. Although the plaintiff's in *Williams* and *Molinar* were permitted to proceed with their claims under the FTCA even though their administrative notices did not state a sum certain of their claims, both plaintiffs had provided the appropriate agency with sufficient information from which the agency could estimate the amount of the claim at issue.

In *Williams,* the plaintiff filed an SF 95 that specified that the plaintiff sought $7,000.00 in property damages, but did not indicate any amount sought for personal injuries.[18] The government, however, had received an itemized claim for damages set forth in the plaintiff's earlier filed state court complaint.[19] The former Fifth Circuit held that the SF 95, when taken together with the state court claim for damages, satisfied the notice requirement of Section 2675(a).[20]

 Unlike the plaintiff in *Williams,* Plaintiff in the instant case never gave the DVA any indication of what value he might place on his claim, which information would be vital to the DVA's evaluation and consideration of Plaintiff's claim. Plaintiff's contention that the DVA had the bills and records pertaining to his medical treatment and, therefore, did not need him to provide a sum certain is without merit. In his Amended Complaint, Plaintiff seeks damages for bodily injury, pain and suffering, mental anguish, disability, disfigurement, medical and related expenses, loss of capacity for the enjoyment of life, and loss of income and the diminution of earning capacity. The DVA could not have been reasonably expected to arrive at an estimate of the value of Plaintiff's claim with-

---

**15.** *See Wardsworth v. United States,* 721 F.2d 503, 505–06 (5th Cir.1983) (*citing Molinar v. United States,* 515 F.2d 246 (5th Cir.1975)).

**16.** *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990).

**17.** *See id.*

**18.** *See Williams v. United States,* 693 F.2d 555, 556 (5th Cir.1982)

**19.** *See id.*

**20.** *See id.* at 558.

out substantially more detail and information from Plaintiff.

Similarly, in *Molinar*, the plaintiff's attorney sent a letter to the appropriate federal agency " 'making a demand for property damage and personal injury,' and enclosing medical bills and car repair estimates."[21] Four months later, a government agency forwarded a SF 95 to the plaintiff with a request that the form be completed and returned.[22] The government's response did not advise the plaintiff of the two-year period and was sent to the plaintiff with less than thirty days remaining in the statutory period.[23] The court found that the plaintiff's inclusion of the relevant bills and estimates was sufficient to satisfy the sum certain requirement.[24]

Unlike the plaintiff in *Molinar*, Plaintiff in the instant case did not provide the DVA any clue as to what amount in damages he might seek. Without such information, the DVA cannot be expected to give effect to the policies behind the FTCA's administrative notice requirement by evaluating the settlement potential of Plaintiff's claim in an expedited fashion. Further, in the instant action, the DVA responded immediately to Plaintiff's Notice and informed him that he needed to provide the agency with more detailed information regarding his claim within the two-year statute of limitations. This information was provided to Plaintiff with more than ten months remaining in the limitation period.

■ Plaintiff also relies upon *Collins v. United States*, 626 F.Supp. 536 (W.D.Pa. 1985), for the proposition that, because of the seriousness of the injuries Plaintiff alleged in his August 28, 1998 letter, the DVA was on notice that Plaintiff's claim would likely exceed $25,000.00, the extent of the agency's settlement authority.[25] However, this Court finds that the notice requirements of Section 2675(a) were created for the broader purpose of "eas[ing] court congestion and avoid[ing] unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States."[26] While the seriousness of a claimed injury may put an agency on notice that it will need to obtain the prior written approval of the Attorney General before entering into a final settlement of the claim,[27] the severity of the injury alone does not give the agency the information it needs to determine whether settlement is feasible based on the damages the plaintiff is seeking. The Eleventh Circuit has held:

> [T]he FTCA requires, at a minimum, that a claimant expressly claim a sum certain or provide documentation which will allow the agency to calculate or estimate the damages to the claimant ... 'It is plain that the 'claim' required must be something more than mere notice of a potential lawsuit.'[28]

This Court finds that Plaintiff has failed to satisfy its burden of establishing that he presented his claim to the appropriate federal agency in accordance with Section 2675(a). The Court concludes that Plaintiff failed in his August 31, 1998 "Notice of Intent to Initiate Litigation" to place a value on his claim and to provide sufficient information from which the DVA could estimate the value of his claim. Even

---

21. *Molinar v. United States*, 515 F.2d 246, 247 (5th Cir.1975).

22. *See id.* at 248.

23. *See id.* at 249.

24. *See id.* at 250.

25. *But see, Hager v. The Swanson Group*, 916 F.Supp. 447, 450 (E.D.Pa.1996) (declining to follow the district court's holding in *Collins*.)

26. *See* S.Rep. No. 1327, 89th Cong., 2d Sess., 1966 U.S.C.C.A.N., at 2515–16.

27. *See* 28 U.S.C. § 2672.

28. *Suarez v. United States*, 22 F.3d 1064, 1066 (11th Cir.1994) (*quoting Molinar v. United States*, 515 F.2d 246, 249 (5th Cir.1975)).

employing the "lenient" standard applied to the "sum certain" requirement in this Circuit, the Court finds that Plaintiff did not provide the DVA with even minimal notice of the value of his claim.

In concluding that Plaintiff's tort claims are barred, the Court finds significant the DVA's prompt reply to Plaintiff's Notice. Immediately after the DVA received notice of Plaintiff's claim, and with more than ten months remaining in the statutory period, the agency mailed a response to Plaintiff's Notice, in which it advised Plaintiff that state procedural law does not govern in a suit against a United States government agency, provided Plaintiff with a SF 95, and warned Plaintiff that a two-year period of limitations attached to his claims under the FTCA.

### CONCLUSION

Based on the foregoing, the Court finds that Plaintiff failed to submit proper notice of his claims within the two-year limitations period, and, therefore, the Court lacks subject matter jurisdiction over this case. Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. Defendant DVA's Motion to Dismiss is hereby GRANTED. This cause is DISMISSED as to Defendant DVA.

2. With the granting of Defendant DVA's Motion to Dismiss, the basis for the Court's subject matter jurisdiction over the remaining Defendants in this action has been removed. An action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[29] Therefore, the Court in its discretion hereby REMANDS the Plaintiff's remaining state law claims to the Circuit Court of the Nineteenth Judicial Circuit in and for Okeechobee County, Florida.[30]

---

**29.** 28 U.S.C. § 1447(c).

**30.** *See Noble v. White,* 996 F.2d 797, 799 (5th Cir.1993) (finding that it is within a district court's discretion pursuant to 28 U.S.C.

3. This case is CLOSED. All pending motions not otherwise ruled upon are hereby DENIED as MOOT.

§ 1367(c) to remand a case after all causes of action over which the court had original jurisdiction have been dismissed).