Ruth Carol CROMER, Plaintiff,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,
Defendants.

No. 7:00–CV–120 WDO.

United States District Court,
M.D. Georgia,
Valdosta Division.

May 17, 2001.

Glenn L. Goodhart, Decatur, GA, for Plaintiff.

William David Gifford, Macon, GA, Wade H. Coleman, William Sherwood Steinberg, Valdosta, GA, Alan H. Swan, Tifton, GA, James Bryant Thagard, Valdosta, GA, for Defendants.

### ORDER

OWENS, District Judge.

### I. Introduction

This matter is before the Court on Defendant United States Environmental Protection Agency's Motion to Dismiss. [Tabs 13, 14]. The Environmental Protection Agency ("EPA") is one of several defendants in this case filed by Plaintiff alleging

numerous violations of state and federal environmental laws. The EPA argues it should be dismissed as a defendant from this case based on Plaintiff's failure to state a claim upon which relief can be granted and for lack of jurisdiction. The EPA argues that Plaintiff failed to exhaust the available administrative remedies for Counts 16 and 29 of the Complaint that allege EPA negligently supervised an asbestos investigation. Further, EPA argues that Plaintiff failed to send to their agency the required notice of intent to sue and thus this Court does not have jurisdiction to hear Plaintiff's allegations in Count 17. Count 17 alleges the EPA failed to take action for allegedly known environmental illegalities relating to the removal of asbestos and other materials by the other Defendants.

Plaintiff responds that she should be granted leeway because when she originally filed her Complaint she was a pro se Plaintiff.[1] Pl.'s Resp. at 1. Responding to the EPA's specific assertions in its Motion to Dismiss, Plaintiff argues the following[2]: (1) exhaustion of administrative remedies in this case would have been futile because the EPA was on notice of the alleged violations by the other Defendants in this case and (2) that the EPA was notified of her intent to sue when Plaintiff's nephew, Richard English, wrote a letter[3] to Kim Turnpaugh, an EPA employee, on August 3, 1999 complaining of various environmental crimes and his intent to file a citizen lawsuit regarding the same. After careful consideration of the law and facts of this case, the Court enters the following Order.

## II. Factual and Procedural Background

Generally, "[i]n considering a motion to dismiss, the court must assume that all facts alleged in the plaintiff's complaint are true, and must liberally construe those allegations." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). However, "[i]n a motion to dismiss involving a factual attack on jurisdiction, the presumption of truthfulness afforded a plaintiff under Fed.R.Civ. 12(b)(6) does not attach and the court may weigh the evidence in the record." *Barnett v. Okeechobee Hosp.,* 98 F.Supp.2d 1374 (S.D.Fla. 2000) (citing *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990)). Since a motion to dismiss has been filed in this case which attacks this Court's jurisdiction to adjudicate the claims against Defendant EPA, this Court will consider the case as a whole and determine if Plaintiff met the jurisdictional requirements to bring this suit against the EPA. Accordingly, the facts in this section are taken predominately from Plaintiff's response to Defendant EPA's Motion to Dismiss but all facts in the record have been considered.

Plaintiff Ruth Carol Cromer and Defendant McClellan[4] own property adjacent to one another in Tift County, Georgia.

---

1. Plaintiff is now represented by counsel.

2. Plaintiff notes in her response to the EPA's motion to dismiss that she filed the Complaint within the two-year statute of limitations for cases filed pursuant to the FTCA. As the determination of that issue is unnecessary to the adjudication of the EPA's arguments and ·grounds for dismissal, it will not be addressed at this time.

3. This letter is attached to Plaintiff's Response to Defendant EPA's Motion to Dismiss as Exhibit "4."

4. Defendants Arthur, Nick and Rebecca McClellan, McClellan's Enterprises, McClellan's Properties, McClellan's Trucklines and Greyston Development will be referred to collectively as "Defendant McClellan" because Plaintiff alleges all of these people and entities were jointly involved in the acts giving rise to this litigation and the individuals named are representatives of the named entities.

Plaintiff alleges that between July and September 1997, the McClellans unlawfully demolished and burned asbestos-containing materials on the land owned by the McClellans. Plaintiff claims that these activities caused asbestos contamination of her land and aggravation of her medical problems. Plaintiff argues that Defendant Reeves Construction Company was also involved in grinding this material on McClellan's land. Plaintiff argues that the asbestos-containing material was disposed of in violation of federal environmental protection laws. Plaintiff further alleges that the McClellan's illegally dredged protected wetlands and caused damage to her property. Plaintiff argues that Defendant EPA was on notice of these numerous alleged illegal activities but took no action to enforce the statutes and regulations allegedly violated. As a result of the above activities, Plaintiff filed a pro se Complaint praying for injunctive relief and monetary damages against all Defendants.

In the Complaint, Counts 16, 17 and 29 specifically allege that Defendant EPA was either negligent or otherwise failed to follow duties required by the various statutes and regulations. The EPA argues that certain pretrial, administrative procedures were not followed by Plaintiff before filing suit and thus EPA should be dismissed from this lawsuit. The EPA asserts that Plaintiff failed to exhaust the administrative remedies available for Counts 16 and 29. Count 16 alleges that Defendant EPA allowed agents from the Environmental Protection Division ("EPD") and the Corp of Engineers to investigate the alleged environmental crimes without first going through the required training. Count 29 describes Plaintiffs' injuries she has suffered as a result of the Defendants' alleged illegal activities. Plaintiff states she has had to undergo sinus surgery and has suffered from headaches and congestion as a result of Defendants' "failure and refusal to obey state and federal standards for demolition and disposal of asbestos." Compl. at ¶ 29. As to Count 17, the EPA argues that, prior to filing suit, Plaintiff failed to give the required notice to their agency. Count 17 alleges that "EPA has refused to conduct a complete investigation, to cooperate with the public and to prosecute the [other Defendants] for their environmental crimes." *Id.* at ¶ 17.

## III. Discussion

Plaintiffs' claims against the EPA may be brought pursuant to the Federal Tort Claims Act ("FTCA") which is a "specific, congressional exception to the general rule of sovereign immunity" and 33 U.S.C. § 1365 that provides for citizen suits against the EPA for violations of various environmental laws. *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir.1994). The FTCA "allows the government to be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Id.* "Sovereign immunity can be waived only by the sovereign, and the circumstances of its waiver must be scrupulously observed, and not expanded, by the courts." *Id.* (citation omitted). Title 28, Section 2675 of the United States Code provides that no action shall be instituted against the

> United States for money damages for injury or loss of property or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). This same code section also provides that no action may be instituted against the Government for any amount over and above that stated in the initial administrative complaint "except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency." *Id.* at (b). The applicable regulation explaining this statute provides that the administrative claim "is required to be 'accompanied by a claim for money damages in a *sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.'" *Suarez*, 22 F.3d at 1065 (citing 28 C.F.R. § 14.2(a)) (emphasis added). "When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case." *Id.* If a claimant fails to submit a claim for a specific amount of money, the claimant must at least "provide documentation which will allow the agency to calculate or estimate the damages to the claimant." *Id.* at 1066. This requirement is even applicable where a claimant's damages remain unliquidated during the two-year limitations period for filing an administrative claim. *Id.*

Another requirement plaintiffs must satisfy before bringing a complaint against a government agency is the one found in 33 U.S.C. § 1365 pertaining specifically to citizen suits against the Administrator of the EPA. Section 1365 provides that "any citizen may commence a civil action on his own behalf ... against the Administrator (where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator)." 33 U.S.C. § 1365(a)(2). No action may be commenced under this section, however, "prior to sixty days after the plaintiff has given notice of such action to the Administrator." *Id.* at (b)(2).

The Eleventh Circuit Court of Appeals has held that this requirement is a mandatory prerequisite to filing suit against the EPA pursuant to the Clean Water Act. *See Nat'l Envtl. Found. v. ABC Rail Corp.*, 926 F.2d 1096 (11th Cir. 1991). In *ABC Rail Corp.*, the court of appeals analyzed the Supreme Court of the United State's holding that "the 60–day notice requirement of the Resource Conservation and Recovery Act[5] (RCRA) ... [is] mandatory." *Id.* at 1097 (citing *Hallstrom v. Tillamook County*, 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989)). The court of appeals held that "[s]ection 1365(b) of Title 33 is a direct analogue of the RCRA 60–day notice provision examined in *Hallstrom*." *Id.* In *Hallstrom*, the Supreme Court noted that a plaintiff may not file suit and bypass the 60–day notice requirement. *Hallstrom*, 493 U.S. at 26, 110 S.Ct. 304. To allow the suit to serve as the required "notice" to the parties would "flatly [contradict] the language of the statute." *Id.* "The equities do not weigh in favor of modifying statutory requirements when the procedural default is caused by petitioners' 'failure to take the minimal steps necessary' to preserve their claims." *Id.* at 27, 110 S.Ct. 304 (citation omitted). The Plaintiff in the case at bar filed suit alleging violations of the Federal Pollution Control Act and the Clean Water Act. Accordingly, the suit is a citizen suit falling under the requirements of 33 U.S.C. § 1365(b)[6]. Therefore, before fil-

---

**5.** This Act "permits individuals to commence an action in district court to enforce waste disposal regulations promulgated under the Act." *Hallstrom*, 493 U.S. at 22, 110 S.Ct. 304.

**6.** Although Plaintiff's Complaint is unclear

ing a Complaint against the EPA, Plaintiff was subject to the requirements in both 28 U.S.C. § 2675 and 33 U.S.C. § 1365(b).

Prior to filing suit in this case, Plaintiff was required by statute and case law to (1) "[give] the agency written notice of ... her claim sufficient to enable the agency to investigate and (2) [to place] a value on ... her claim." *Tidd v. United States*, 786 F.2d 1565, 1567 (11th Cir.1986) (citation omitted) (deciding whether plaintiff's standard Form 95 provided by the agency and submitted by plaintiff satisfied jurisdictional prerequisite of providing notice to agency). The Eleventh Circuit "has taken a somewhat lenient approach to the 'sum certain' requirement holding, for example, that even where a claimant had not specifically stated the value of the claim, attaching medical bills and repair estimates to the claim notice could suffice." *Id.* at 1568 n. 6 (citing *Molinar v. United States*, 515 F.2d 246 (5th Cir.1975)). However, the cases do provide a standard Plaintiffs must follow in that the agency must be able to ascertain the monetary value of a claim before suit is filed. The statutory provision mandating notice prior to suit

> was enacted "to ease court congestion and avoid unnecessary litigation while making it possible for the government to expedite the fair settlement of tort claims asserted against the United States" and to provide "for more fair and equitable treatment of private individuals and claimants when they are ... involved in litigation with their government."

*Barnett v. Okeechobee Hosp.*, 98 F.Supp.2d at 1377 (S.D.Fla.2000) (citing S.Rep. No. 1327, 89th Cong., 2d Sess., 1966 U.S.C.C.A.N., at 2515–16). In order to allow the agency "to calculate or estimate the damages to the claimant ... [i]t is plain that the 'claim' required must be something more than mere notice of a potential lawsuit." *Id.* at 1379 (citing *Suarez* 22 F.3d at 1066). In *Barnett*, the court found that the plaintiff's purported "Notice of Intent to Initiate Litigation[7]" sent to the Department of Veteran's Affairs ("DVA") by plaintiff's attorney failed to provide the proper notice of his claim because he failed "to place a value on his claim and to provide sufficient information from which the DVA could estimate the value of his claim." *Id.*

In the case at bar, Plaintiff raised several arguments that the above requirements do not apply in this case and thus the EPA should not be dismissed from the case. First, Plaintiff asserts that she should be given leeway regarding the above notice and exhaustion of administrative remedies requirements because when she first filed the Complaint in this case she was a pro se Plaintiff and was unaware of those requirements. There is clear authority from the Supreme Court and the court of appeals that this argument has no merit under the circumstances of this case. In *Ivey v. United States*, the district court cited the Supreme Court for the principle that "given the clarity of the statutory text, the FTCA's requirement that a plaintiff file an administrative claim prior to filing suit is certainly not a 'trap for the unwary.' " *Ivey*

---

about what specific Acts were violated by the EPA specifically, the Complaint could be read to allege violations of these specific Acts. Further, Plaintiff's Response to Defendant EPA's Motion to Dismiss alleges that EPA should be "enjoined to enforce the National Emission Standard for Hazardous Air Pollutants (NESHAP) (40 C.F.R. § 61 M et seq.) and the Clean Water Act." Compl. at 36–48.

7. This letter "informed the DVA that Plaintiff had retained counsel and that he intended to initiate litigation for medical malpractice against the DVA" when DVA physicians failed to diagnose an infection plaintiff had, to perform appropriate tests on the plaintiff and to treat the plaintiff with appropriate antibiotics. *Barnett*, 98 F.Supp.2d at 1375.

*v. United States*, 873 F.Supp. 663 (N.D.Ga. 1995) (citing *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21, (1993)). "It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent." *McNeil*, 508 U.S. at 113, 113 S.Ct. 1980. "Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers." *Id.* The reasoning from *Ivey* is applicable to the case at bar because *Ivey* involved procedurally similar facts.

In *Ivey*, the plaintiff filed suit against the Department of Housing and Urban Development ("HUD") pursuant to the FTCA. HUD, like the EPA in this case, asserted the defense that the plaintiff failed to exhaust the available administrative remedies before filing suit. HUD produced an affidavit from the Deputy Assistant General Counsel in the Atlanta Office, Donnie Murray, "attesting that Plaintiff has failed to file a claim with HUD concerning her allegations in Count One." *Ivey*, 873 F.Supp. at 668. The court found that plaintiff's pro se status did not excuse her from "her duty to file an administrative claim with HUD prior to instituting Count One of Plaintiff's Complaint." *Id.* at 669 (citing *McNeil*, 508 U.S. at 113, 113 S.Ct. 1980). The court found that "Plaintiff's failure to comply with the administrative procedures of the FTCA means that the United States has not waived its sovereign immunity to Plaintiff's claim contained in ... her Complaint." *Id.* Therefore, the court found that it lacked jurisdiction over that claim and dismissed Count One against the United States.

■ In the case at bar, the EPA attached to its Motion to Dismiss an affidavit by Ann C. Toohey, Acting Claims Officer, Claims and Property Law Practice Group, Finance and Operations Law Office, Office of General Counsel, of the EPA. *See* Ex. to Def.'s Mot. to Dismiss [14–1]. Ms. Toohey stated that she oversees the maintenance of EPA's claim records for the Administrator of the EPA and that the EPA maintains records related to claims made pursuant to the FTCA for seven years. After a search of her records, Ms. Toohey determined that in the past seven years, "the EPA Office of General Counsel has not, during that time, received an administrative claim from the plaintiff with regard to the subject matter of this action." *Id.* at ¶4. Based on this declaration, Defendant has shown that Plaintiff did not comply with the clear mandate from the two different statutes before filing suit. There is no exception in the statutes for a plaintiff who feels that an attempt to exhaust the administrative remedies would be futile, as Plaintiff argues. Rather, as discussed in the cases cited above, filing an administrative claim with an agency is a jurisdictional prerequisite to filing suit against the agency in a court of law.

■ Even if Ms. Toohey's affidavit had not been submitted by the EPA, it is clear from the record that the letter sent by Richard English to the EPA on August 3, 1999[8] does not meet even the more relaxed requirements in the Eleventh Circuit of providing the agency with at least enough information to determine the value of the claim asserted. For one thing, the letter made no reference whatsoever to Plaintiff but asserted Richard English's intent to file a citizen suit.[9] Construed

<hr>

8. Attached to Plaintiff's Response to Defendant EPA's Motion to Dismiss [Tab 22] as Exhibit 4.

9. Whether this letter would satisfy the requirements of the statute even if a sum certain had been stated in the letter is not argued or reached. One district court in Puerto Rico held that each person seeking damages must

very liberally in light of the EPA's alleged notice of the ongoing illegal activities by the other Defendants in this case, the EPA was given nothing that could have assisted the agency in determining a settlement value to this case. Unlike the case above where the claimant sent repair bills stating the value of his claim to the appropriate agency, the Plaintiff in this case provided no documentation whatsoever that placed a value on her claim against the EPA. Therefore, the EPA was never able to properly assess, or was not even put on notice that it needed to assess, *Richard English's* allegations in the August 1999

letter to determine the value of *Plaintiff's* claims in this case.

Because the Plaintiff failed to exhaust the administrative remedies available to her and failed to give the EPA the required notice before filing the Complaint in this case, this court does not have jurisdiction to consider the claims asserted against the EPA. Therefore, the Defendant EPA is dismissed from this case. The case will proceed against the remaining Defendants.

---

file an individual claim with the appropriate administrative agency, unless the party asserting the claim is legally entitled to make the claim on another's behalf. *Santos v. United States*, 525 F.Supp. 982 (D.P.R.1981). However, the court of appeals in this circuit has stated the general proposition that the government only needs to be "put on notice to investigate the circumstances of [a claim] and made aware of the amount of the claim." *Free v. United States*, 885 F.2d 840, 842 (11th

Cir.1989). The agency needs to be placed "in a position to assess its potential liability with respect to the circumstances surrounding the [claim]." *Id.* "The government [needs] sufficient information to investigate and either settle or defend the claim." *Id.* This relaxed standard was probably not met in the case at bar as the EPA was arguably not given enough information to alert them of the need to assess the claims now asserted by Plaintiff.